## W. J. ARMSTRONG COMPANY v. NEW YORK CENTRAL & HUDSON RIVER RAILROAD COMPANY.[1]

March 19, 1915.

Nos. 19,046—(242).

Carrier — service of summons on foreign corporation doing business in Minnesota.

1. Summons was served on a foreign railroad corporation by leaving a

[1] Reported in 151 N. W. 917.

copy with a soliciting freight agent employed by defendant and other corporations operating connecting lines and associated under the name of New York Central Fast Freight Lines. Under that name defendant and its connecting lines solicit freight systematically throughout the state of Minnesota for transportation out of the state. They transport freight solicited under a single through tariff. They maintain offices in the state for the purpose of such solicitation. This cause of action arose out of a shipment of freight from a point in Minnesota to New York City which was solicited in this manner. The statutes of the state authorize service of a summons on a foreign corporation by service upon an agent in the state for the solicitation of freight traffic over its lines outside the state.

**Same — statute — agent of each company.**

2. The statute authorized service of summons upon the agent who was in fact served. The agent of the associated corporations was the agent of each of them.

**Jurisdiction over foreign corporation — requisites.**

3. Three conditions are necessary to give a court jurisdiction *in personam* over a foreign corporation: First, it must appear that the corporation was carrying on business in the state; second, that the business was transacted by some agent of the corporation in the state; third, the existence of some local law making such corporation amenable to suit.

**Agent designated by statute.**

4. Where a state by statute designates an agent of a particular character as an agent upon whom process may be served, the corporation by sending such an agent into the state assents to the statute and clothes the agent with authority to receive service in its behalf.

**Same — due process of law.**

5. Without invoking this principle, the state may designate the agent upon whom service of summons may be made, but the agent must be one sustaining such relation to the corporation that such service constitutes due process of law.

**Accountability of foreign corporation.**

6. A foreign corporation keeping and maintaining agents in this state for procuring business for its benefit and profit may be required to answer in this state to a citizen thereof for a breach of contract or duty arising out of business so procured, and an agent engaged in procuring such business may be declared the representative of the corporation for the purpose of bringing it into court.

Action in the district court for Waseca county to recover $303.29

for damage to a shipment of goods over defendant's railroad. Defendant appeared specially and moved to set aside the service of the summons. The motion was heard before Childress, J., who denied it. From the order denying the motion, defendant appealed. Affirmed.

*William Furst,* for appellant.

*Moonan & Moonan,* for respondent.

HALLAM, J.

The complaint alleges that plaintiff is engaged in business at Waseca, Minnesota; that defendant is a common carrier, with lines of railroad without the state of Minnesota; that plaintiff consigned over defendant's road to Henry Behrmann & Co., New York City, certain goods, of which plaintiff was the owner; that defendant did not safely carry the goods, but negligently caused their damage. The summons was served upon H. R. Ballard. Defendant moved to set aside the service of the summons. The motion was denied and plaintiff appealed.

In what state the defendant is incorporated the record does not show, but the briefs concede that it is not a Minnesota corporation. Nothing appears as to the extent or location of its lines of road, except that it is one of the "large lines" and that it carries freight between New York and Buffalo. Ballard is commercial agent, or soliciting freight agent, of the New York Central Fast Freight Lines. Under that name defendant and its connecting lines solicit freight business and they receive and transport such freight outside the state under a single through tariff. Ballard solicits freight for transportation over these roads, both east and west bound. He does not collect freight charges, but receives a copy of the billing containing a description of the shipments, the originating point, the name of the shipper, and consignee, and the freight charges, and on receipt of the same sends out cards to the customers. These associated roads evidently cover the state of Minnesota with systematic solicitation of business. They have an office in Minneapolis, another in St. Paul, and another "agency" in Duluth. Between these the state is parceled out. Ballard is in charge of the St. Paul office. He

covers most of the state of Minnesota outside of the cities mentioned, and also North Dakota and a large part of South Dakota. The amount of freight so solicited is described as "a large amount of freight." It is alleged the freight out of which this cause of action arose was solicited in this manner. The expense of this work of solicitation is borne by joint contribution of all the roads concerned.

Chapter 218, p. 274, Laws 1913, provides as follows:

"Any foreign corporation having an agent in this state for the solicitation of freight and passenger traffic or either thereof over its lines outside of this state, may be served with summons by delivering a copy thereof to such agent."

The statute without doubt covers this case. In explicit terms it authorizes service of summons upon the agent who was in fact served. The fact that Ballard is the agent of several other railroad companies as well as defendant, does not alter the case. He is the agent of each of the associated roads. Archer-Daniels Linseed Co. v. Blue Ridge Despatch, 113 Minn. 367, 129 N. W. 765; St. Louis S. W. Ry. Co. v. Alexander, 227 U. S. 218, 228, 33 Sup. Ct. 245, 57 L. ed. 486.

It is urged that a statute subjecting the defendant to the jurisdiction of the court by service upon such an agent is unconstitutional. This is the question in the case.

Formerly it was held that a foreign corporation could not be sued in an action for the recovery of a personal demand outside of the state by which it was chartered. The principle was that a corporation must dwell in the place of its creation, that it could not migrate to another sovereignty, and that no officer or agent of the corporation could carry his functions with him into another state. The great increase in the number of corporations and in the extent of their business, and the inconvenience and manifest injustice of such a rule led the legislatures of the several states to provide for service of process on officers and agents of foreign corporations doing business therein. St. Clair v. Cox, 106 U. S. 350, 354, 27 L. ed. 222. There is a limit beyond which the state cannot go in subjecting foreign corporations to the jurisdiction of its courts. It is an elementary principle of jurisprudence that a court of justice

cannot acquire jurisdiction to render a personal judgment except by actual service of notice within the jurisdiction, upon the defendant, or upon some one authorized to accept service in his behalf, or by his waiver of want of due service. The state may designate the agent upon whom service may be made, but, in doing so, it must not encroach upon this principle. St. Clair v. Cox, 106 U. S. 350, 356, 1 Sup. Ct. 354, 27 L. ed. 222; Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. ed. 517.

Formerly the Federal courts could take cognizance of an assumption of jurisdiction by a state court only when the judgment of the state court was called into question in another jurisdiction, and the "full faith and credit" clause of the Federal Constitution was invoked to sustain it. "Since the adoption of the Fourteenth Amendment to the Federal Constitution, the validity of such judgments may be directly questioned, and their enforcement in the state resisted, on the ground that proceedings in a court of justice to determine the personal rights and obligations of parties over whom that court has no jurisdiction do not constitute due process of law." Pennoyer v. Neff, 95 U. S. 714, 733, 24 L. ed. 565. The Constitution of this state contains a provision similar to that contained in the Fourteenth Amendment (Const. of Minn. art. 1, § 7), so that these fundamental principles are now common to both the Federal and the state Constitutions. Since they are part of the former, the Supreme Court of the United States is the final arbiter in cases where the application of these principles comes into question, and such cases are accordingly controlled by the decisions of that court. State v. Weyerhauser, 72 Minn. 519, 75 N. W. 718.

It is well settled by the decisions of the Federal Supreme Court that three conditions are necessary to give a court jurisdiction *in personam* over a foreign corporation: "First, it must appear that the corporation was carrying on its business in the state where process was served on its agent; second, that the business was transacted or managed by some agent or officer appointed by or representing the corporation in such state; third, the existence of some local law making such corporation amenable to suit." Conn. Mutual Life Ins. Co. v. Spratley, 172 U. S. 602, 618, 19 Sup. Ct. 308,

314, 43 L. ed. 569, quoting United States v. Bell Telephone Co. 29 Fed. 17.

This decision might be placed on narrow ground. It is well recognized where a state by statute designates an agent of a particular character as an agent upon whom process may be served, the corporation by sending such an agent into the state assents to the statute, and clothes the agent with authority to receive service in its behalf.    Baltimore & O. R. Co. v. Harris, 12 Wall. 65, 81, 20 L. ed. 354; Lafayette Ins. Co. v. French, 18 How. 404, 15 L. ed. 451; New York, L. E. & W. R. Co. v. Estill, 147 U. S. 591, 13 Sup. Ct. 444, 37 L. ed. 292; Commercial Mutual Accident Co. v. Davis, 213 U. S. 245, 254, 29 Sup. Ct. 445, 53 L. ed. 782; and the same result follows where the corporation continues its agent in the state after enactment of such a law.    Conn. Mutual Life Ins. Co. v. Spratley, 172 U. S. 602, 19 Sup. Ct. 308, 43 L. ed. 569.    If it can be said under the principles laid down in International Text Book Co. v. Pigg, 217 U. S. 91, 30 Sup. Ct. 481, 54 L. ed. 678, 27 L.R.A.(N.S.) 493, 18 Ann. Cas. 1103, and Sioux Remedy Co. v. Cope, 235 U. S. 197, 35 Sup. Ct. 57, 59 L. ed. —, that no such consent can be implied where the corporation sends its agent into the state under its constitutional right to engage in interstate commerce, it may be answered that in this case it does not appear that the agent Ballard was engaged exclusively in interstate commerce. His own testimony is: "I solicit coming from New York or any way; it don't make any difference where it is coming or going."

But we think it may be placed on broader ground.    Just what is the limitation upon the power of the state in designating an agent, the cases have not made definitely clear.    It has been said the provision "must be reasonable, and the service provided for should be only upon such agents as may be properly deemed representatives of the foreign corporation" (St. Clair v. Cox, 106 U. S. 350, 356, 1 Sup. Ct. 354, 360, 27 L. ed. 222); that the character of the agency must be "such as to render it fair, reasonable and just to imply an authority on the part of the agent to receive service," and such that "the law * * * ought to draw such an inference and to imply such authority" (Mutual Life Ins. Co. v. Sprat-

ley, 172 U. S. 602, 617, 19 Sup. Ct. 308, 314, 43 L. ed. 569);
that the agent must be "an agent sustaining such a relation to it
that notice to the agent might well be deemed notice to the prin-
cipal, without a violation of the principles of natural justice." Sey-
mour D. Thompson, in 19 Cyc. 1328. In one case it was aptly
said: "The object of the service is attained when the agent served
is of sufficient rank and character as to make it reasonably certain
that the corporation will be notified of the service." Denver &
R. G. R. Co. v. Roller, 100 Fed. 738, 741, 41 C. C. A. 22, 25,
49 L.R.A. 77.

The requirement that the corporation must be doing business in
the state, is but an incident to the requirement that it must have a
proper agent there. In no sense can any person be said to be the
agent of the corporation in a state other than the state of its crea-
tion, unless it is transacting there the business of the corporation.
The president of the corporation, while casually in another state,
is not the representative of the corporation there. Goldey v. Morn-
ing News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. ed. 517. As to
the nature of the business to be transacted, "in a general way it may
be said that the business must be such in character and extent as
to warrant the inference that the corporation has subjected itself
to the jurisdiction and laws" of the state in which the service is
made. St. Louis S. W. Ry. Co. v. Alexander, 227 U. S. 218, 227,
33 Sup. Ct. 245, 57 L. ed. 486. The fact that the business done
is interstate in its character, does not in any manner affect the case.
International Harvester Co. v. Kentucky, 234 U. S. 579, 588, 34
Sup. Ct. 944, 58 L. ed. 1479.

After all it is a question whether the requirement that the cor-
poration shall be submitted to the jurisdiction of a state court upon
service of process on the agent designated by the statute, consti-
tutes due process of law. Conn. Mutual Life Ins. Co. v. Spratley,
172 U. S. 602, 19 Sup. Ct. 308, 43 L. ed. 569; Old Wayne Mut.
Life Assn. v. McDonough, 204 U. S. 8, 27 Sup. Ct. 236, 51 L.
ed. 345; Commercial Mutual Accident Co. v. Davis, 213 U. S. 245,
255, 29 Sup. Ct. 445, 53 L. ed. 782; Mikolas v. Hiram Walker &

Sons, 73 Minn. 305, 76 N. W. 36; Wold v. J. B. Colt Co. 102 Minn. 386, 114 N. W. 243.

If this could be viewed as a new question in this case, it would seem quite clear that the representative character of this agent ought to be considered sufficient, and that the business done by this defendant in this state should be held such as to "warrant the inference that the corporation has subjected itself to the jurisdiction and laws" of this state. It is reasonable that a foreign corporation, keeping and maintaining agents in this state for procuring business for its benefit and profit should answer in this forum to a citizen of this state for a breach of contract or duty arising out of business so procured, and that agents engaged in procuring such business should be deemed the representatives of the corporation for the purpose of bringing it into court as well. See Mutual Life Ins. Co. v. Spratley, 172 U. S. 602, 613, 19 Sup. Ct. 308, 43 L. ed. 569. And we believe the authorities are in harmony with this view.

In Denver & R. G. R. Co. v. Roller, 100 Fed. 738, 41 C. C. A. 22, 49 L.R.A. 77, above cited, summons was served in California on W. J. Shotwell, agent of defendant, at San Francisco. Plaintiff in error neither owned nor operated any road in California. The cause of action accrued in Colorado. Shotwell was engaged in soliciting passengers and freight and inducing shippers of freight to route it over the line of plaintiff in error. He issued bills of lading for goods shipped from San Francisco. It was held that the statute of California authorized service on such an agent, and that such service gave jurisdiction. The only point of difference we observe between that case and this lies in the fact that Shotwell issued bills of lading, while Ballard in this case did not. It seems to us this difference is not vital. See also New York, L. E. & W. R. Co. v. Estill, 147 U. S. 591, 13 Sup. Ct. 444, 37 L. ed. 292.

Defendant relies upon the case of Green v. C. B. & Q. Ry. Co. 205 U. S. 530, 27 Sup. Ct. 595, 51 L. ed. 916. It must be conceded that the facts in that case were much like those in the case at bar. The court held that doing business which was "nothing more than solicitation" does not constitute "doing business" so as to bring

the defendant within the Federal district so that process of the United States courts of that district can be served upon it. In a later case it was said the decision in the Green case was "an extreme case" (International Harvester Co. v. Kentucky, 234 U. S. 579, 586, 34 Sup. Ct. 944, 946, 58 L. ed. 1479), but it has never been overruled. However, in the Green case the Roller case is cited, and it is distinguished, but in no sense discredited or overruled. Speaking of the Roller case the court said (205 U. S. 533, 27 Sup. Ct. 596, 51 L. ed. 916): "The action was brought in the state courts, and the question was of the interpretation of a state statute and the jurisdiction of the state courts". The same observation applies to this case, and, whatever may be said of the similarity between the agency in this case and that in the Green case, we feel warranted in accepting the distinction made in the Green case and in following the Roller case, the authority of which is not questioned. The distinction is also recognized in other cases that "the act of Congress prescribing the place where a person may be sued is not one affecting the general jurisdiction of the courts." Ex Parte Schollenberger, 96 U. S. 369, 378, 24 L. ed. 853.

What we have said as to the Green case is quite applicable to North Wisconsin Cattle Co. v. Oregon Short Line R. Co. 105 Minn. 198, 117 N. W. 391. That case turned on the meaning of the statute then in force. In terms it distinguished the case then before the court from a case like this one where the statute explicitly provides for service on "an agent in [the] state for the solicitation of freight and passenger traffic * * * over its lines outside of [the] state." Archer-Daniels Linseed Co. v. Blue Ridge Despatch, 113 Minn. 367, 129 N. W. 765, while tending to sustain the contention of plaintiff, is not a decisive authority either way.

We find no decision anywhere holding that where a state statute expressly designates an agent with the powers possessed by Ballard in this case as a proper agent on whom to serve process, that service of process on such an agent is not due process of law.

. The service made in this case gave the court jurisdiction over the defendant.

Order affirmed.