### TAKACS v. PHILADELPHIA & R. RY. CO.

(District Court, S. D. New York. May 10, 1915.)

CORPORATIONS ☞668—FOREIGN CORPORATIONS—ACTIONS—SERVICE OF PROCESS.

Even though a foreign corporation was doing business in New York, service of process in New York on a director of the corporation gave a federal court sitting in New York no jurisdiction, where the cause of action arose in another state and the corporation had designated no agent to accept service for it.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603–2627; Dec. Dig. ☞668.]

At Law. Action by Frank Takacs against the Philadelphia & Reading Railway Company. On motion to set aside the service of the summons and complaint. Motion granted.

The plaintiff alleges that at the time of the commencement of this action he was and still is a resident of the state of New York, Southern district of New York, and that on June 30, 1914, at Port Reading, in the state of New

Jersey, he was injured through the fault of defendant. He now asks for judgment for the damages suffered by him. Defendant has moved to set aside the service of the summons and complaint herein.

It appears that the summons and complaint were served upon one George F. Baker, a director of the defendant company, within the state of New York. As the question here presented may arise again, the facts, as bearing upon defendant's business, are fully set forth for the information of counsel interested in cases of this character. These facts, as alleged in an affidavit submitted on behalf of defendant are as follows:

"Defendant operates movable equipment for the transportation of merchandise from other states into New York. Freight cars are delivered by defendant to connecting carriers at points outside of this state, and are hauled by such connecting carriers to the place of destination in this state and thereupon returned to defendant. Defendant does not haul any of said cars in this state, and receives compensation only for such portion of the transportation as is over defendant's lines.

"No part of this equipment is owned or ever was owned by defendant. Since January 5, 1897, such equipment has been in the possession of the Central Trust Company of New York, trustee under a deed of trust from the owner thereof, with no reservation of possession to the owner, which trustee has, by lease, granted to defendant the right, personal to defendant only, to operate said equipment, upon payment of the rentals reserved in said lease, and upon the continued operation of said equipment by defendant as a railroad company.

"Coupon tickets for the transportation of passengers, good over the defendant's lines, are sold in New York; but such tickets are only sold by other carriers, the transportation initiating with such other carriers, and the defendant receives compensation only for the portion of the transportation over its own lines, none of which is in New York. None of such ticket-selling agents are employés, or under the control, of this defendant.

"The case is in no wise different from that of some railroad in California, transportation over whose lines may be effected in connection with a through ticket, purchased at the office of the Pennsylvania Railroad Company, or any other large trunk road having an office in New York.

"The defendant has agents in this state, employed to request shippers of merchandise to send freight, part of the transportation of which would be over the defendant's lines. The contracts made by said agents are forwarded to defendant's main office in Philadelphia for acceptance and approval.

"None of said soliciting agents have offices in the city of New York, nor has the defendant any office whatever for the conduct of its railroad business in the city or state of New York.

"This cause of action is in favor of an alleged resident of the state of New York, who upon information and belief is an alien and a Hungarian, against the defendant, which is a foreign corporation organized under and by virtue of the laws of the state of Pennsylvania, for a tort alleged to have been committed at Port Reading, N. J.

"The summons and complaint herein were served upon George F. Baker at No. 2 Wall street, New York City, on April 13, 1915. Said Baker is neither the president, vice president, treasurer, assistant treasurer, secretary, or assistant secretary of the defendant, nor is he an officer performing corresponding functions under any other name.

"The defendant has no designated agent upon whom process can be served within the state of New York, pursuant to the General Corporation Law, nor has it ever had one.

"The defendant has no property within this state, nor did this cause of action, which is transitory, being for personal injuries, arise within this state. Said George F. Baker, at the time of such service, was a director of the defendant and resided in this state. He had no connection with the business or operation of the defendant company or its railway, except that he attends directors' meetings in the state of Pennsylvania."

Pierre M. Brown, of New York City, for the motion.
Leon Sanders, of New York City, opposed.

MAYER, District Judge (after stating the facts as above). If it be assumed (for it need not now be decided) that the defendant was doing business within the state of New York at the times referred to in the complaint (and this is doubtful), nevertheless this case clearly falls within the principle laid down in Simon v. Southern Railway Co., 236 U. S. 115, 35 Sup. Ct. 255, 59 L. Ed. 492.

The recent opinion of Judge Learned Hand in Smolik v. Philadelphia & Reading Coal & Iron Co., and Tobias v. Same, 222 Fed. 148, related to a case wherein the defendant had designated an agent to accept service as provided in section 16 of the General Corporation Law of the State of New York (Consol. Laws, c. 23), and in section 432 of the New York Code of Civil Procedure. But in the case at bar the defendant has not designated any such agent. The Simon Case, supra, in my opinion, disposes of the question so decisively that no further discussion is necessary.

Motion granted.