# JOHN GOTTFRID LAGERGREN v. PENNSYLVANIA RAILROAD COMPANY.[1]

### June 11, 1915.

### Nos. 19,254—(169).

**Summons — service on foreign corporation.**

Service of summons on the soliciting freight agent of a foreign corporation doing business in Minnesota is due process of law within the meaning of the Federal Constitution. [Reporter.]

Action in the district court for St. Louis county to recover $3,000 for personal injury received while in the employ of defendant. Defendant appeared specially and moved to set aside the service of the summons and complaint. The motion was heard before Cant, J., and denied. From the order denying his motion, defendant appealed. Affirmed.

*Thomas S. Wood,* for appellant.

*Andrew Nelson* and *George B. Sjoselius,* for respondent.

PER CURIAM.

The summons in this action was served upon a resident soliciting freight agent of defendant, a foreign corporation. Defendant appeared specially and moved to set the service aside, on the ground that it conferred no jurisdiction over the person of defendant and

[1] Reported in 152 N. W. 1102.

---

Note.—As to what service of process is sufficient to constitute due process of law, see note in 50 L.R.A. 577.

was not due process of law within the meaning of the Federal Constitution. The motion was denied and defendant appealed.

The case is controlled by the decision in Armstrong v. New York Central & H. R. R. Co. 129 Minn. 104, 151 N. W. 917, where substantially the same question was presented. North Wisconsin Cattle Co. v. Oregon Short Line R. Co. 105 Minn. 198, 117 N. W. 391, is not in point. That decision was rendered prior to the amendment of the statute providing for the service of process upon foreign corporations. Chapter 218, p. 274, Laws 1913. The case of Simon v. Southern Ry. Co. 236 U. S. 115, is, on its facts, unlike the case at bar, and therefore not controlling.

Order affirmed.