### BAGDON v. PHILADELPHIA & READING COAL & IRON CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1915.)

COURTS ⬦▱6—JURISDICTION—PLACE OF ACCRUAL OF CAUSE.

 While a state has the right to provide for service of process upon any foreign corporation doing business therein, to require such company to name an agent upon whom service may be had, and to provide that in case of the company's failure, service may be made on an officer designated by law, yet this power to designate by statute an officer upon whom service in suits against foreign corporations may be had relates only to business transactions within the state, and under Code Civ. Proc. § 1780, a foreign corporation doing business in the state cannot be sued on a cause of action in tort arising outside the state.

 [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 13, 15, 17, 22 31; Dec. Dig. ⬦▱6.]

Appeal from Special Term, Kings County.

Action by George Bagdon against the Philadelphia & Reading Coal & Iron Company. From an order of the Special Term, as amended by a subsequent order, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

Ralph G. Barclay, of Brooklyn, for appellant.
William F. Purdy, of New York City, for respondent.

JENKS, P. J. I am in favor of affirmance of the Special Term upon the authority cited by it. Simon v. Southern Railway, 236 U.

S. 115–130, 35 Sup. Ct. 255, 260 (59 L. Ed. 492). The Supreme Court in the opinion say:

"Subject to exceptions, not material here, every state has the undoubted right to provide for service of process upon any foreign corporations doing business therein, to require such companies to name agents upon whom service may be made, and also to provide that in case of the company's failure to appoint such agent, service, in proper cases, may be made upon an officer designated by law. Mutual Reserve Ass'n v. Phelps, 190 U. S. 147 [23 Sup. Ct. 707, 47 L. Ed. 987]; Mutual Life Ins. Co. v. Spratley, 172 U. S. 603 [19 Sup. Ct. 308, 43 L. Ed. 569]. But this power to designate by statute the officer upon whom service in suits against foreign corporations may be made relates to business and transactions within the jurisdiction of the state enacting the law. Otherwise, claims on contracts wherever made and suits for torts wherever committed might by virtue of such compulsory statute be drawn to the jurisdiction of any state in which the foreign corporation might at any time be carrying on business. The manifest inconvenience and hardship arising from such extraterritorial extension of jurisdiction, by virtue of the power to make such compulsory appointments, could not defeat the power if in law it could be rightfully exerted. But these possible inconveniences serve to emphasize the importance of the principle laid down in Old Wayne Life Association v. McDonough, 204 U. S. 22 [27 Sup. Ct. 236, 51 L. Ed. 345], that the statutory consent of a foreign corporation to be sued does not extend to causes of action arising in other states."

I am not unmindful that our Court of Appeals in Grant v. Cananea Con. Copper Co., 189 N. Y. 241, 82 N. E. 191, in consideration of section 1780 of the Code of Civil Procedure, said that the "provisions" thereof "are violative of no provision of the federal Constitution to which our attention has been called, nor do they conflict with the federal authorities upon the subject." Although the respondent in Grant's Case, supra, made the point of conflict with the Fourteenth Amendment, it could not, of course, cite Simon's Case, supra, decided in 1914, because Grant's Case, supra, was decided in October, 1907, and did not cite Old Wayne Life Association v. McDonough (cited in Simon's Case, supra), which was not argued until October, 1907. Unless I mistake, we have now an authority which is supreme. Cook v. Moffat, 5 How. 295, 12 L. Ed. 159.

The order is affirmed, with $10 costs and disbursements. All concur.