## GEORGE H. RISHMILLER v. DENVER & RIO GRANDE RAILROAD COMPANY.[1]

### Nos. 19,639—(60).

### September 22, 1916.

**Process — foreign railroad corporation — service on soliciting agent.**

Under chapter 218, Laws 1913, providing that in an action against a foreign corporation service may be made on any agent for the solicitation of freight or passenger traffic in this state, jurisdiction may be acquired over a foreign corporation doing business in the state by service on such an agent in a transitory action, although the cause of action did not arise in the state.

**Dismissal — vacation of order — order appealable.**

A district court has jurisdiction to make an order, upon proper notice, vacating an order of dismissal and reinstating the case. Such an order is appealable.

Action in the district court for Hennepin county to recover $30,000 for personal injury received while in the employ of defendant. Defendant's motion, upon its special appearance for that purpose, to set aside the service of the summons and complaint was denied, Hale, J. Upon renewal of the motion, it was granted. Plaintiff's motion to set aside the order vacating the service was granted, Leary, J. From the order setting aside the court's former order, defendant appealed. Affirmed.

*E. N. Clark, R. G. Lucas,* and *Cobb, Wheelwright & Dille,* for appellant. *Hall & Tautges,* for respondent.

HALLAM, J.

1. Defendant is a railroad corporation incorporated in Colorado. Plaintiff brings this action for injuries received in that state. Service was

[1] Reported in 159 N. W. 272.

Note.—The question of jurisdiction acquired over foreign corporation by service of process on soliciting agent doing business within the state, is discussed in a note in 70 L.R.A. 532,

made on a soliciting freight agent in this state.' The question is, did the court acquire jurisdiction? The agent served was one of the class on which the statute provides service may be made, c. 218, p. 274, Laws 1913.

In Armstrong v. New York C. & H. R. R. Co. 129 Minn. 104, 151 N. W. 917, it was held that this statute is valid and that service upon such an agent gave the court jurisdiction. In that case the cause of action arose out of a shipment of goods originating in this state.

In Lagergren v. Pennsylvania R. Co. 130 Minn. 35, 152 N. W. 1102, the cause of action arose in Pennsylvania. Service was made on a similar agent. It was contended that the Armstrong case did not apply but that the case was ruled by Simon v. Southern Ry. Co. 236 U. S. 115, 35 Sup. Ct. 255, 59 L. ed. 492, in which it was held that a state court could acquire jurisdiction over a foreign corporation by service upon a public officer designated by statute for that purpose, only in case of causes of action arising in the state where the action is brought. This court held that the Armstrong case did apply and that the Simon case did not.

The Lagergren case is on all fours with this case. We are asked to overrule both the decisions mentioned, particularly the decision on the Lagergren case. We are of the opinion that we should not overrule either. Both cases were ably presented by counsel and thoroughly considered by the court. We think the conclusions reached were sound. In the Lagergren case the reasons given for applying the Armstrong case and distinguishing the Simon case were not amplified, but the case was nevertheless considered in all its bearings. Further consideration confirms us in the view that the principles applied in the Simon case cannot be applied here.

This case differs from the Armstrong case only in the fact that the cause of action pleaded here arose out of the state. In the Armstrong case the fact that the cause of action arose out of business transacted in the state was referred to, but we do not regard that fact as of controlling importance. The statute is broad enough to authorize service upon such an agent in a case where the cause of action did not arise in the state, and we cannot hold the statute void.

The Simon case was this: The action was commenced in Louisiana against a Virginia railway corporation doing business in the state upon a cause of action which arose in Alabama. Service was made on the secreta-

ry of state under a statute which provides that in the event a foreign corporation doing business in the state fails to designate an agent upon whom process may be served, service upon such public officer is service on the corporation. The court held that the state could confer jurisdiction upon its courts by service upon such an involuntary agent only in suits upon causes of action arising in the state. This was a reaffirmance of a principle laid down some years before in Old Wayne Life Assn. v. McDonough, 204 U. S. 8, 27 Sup. Ct. 226, 51 L. ed. 345. Defendant contends that the same principle applies to this case. The court in the Simon case did not so hold. The court refrained from "discussing the right to sue on a transitory cause of action and serve the same on an agent voluntarily appointed by the foreign corporation." [236 U. S. 130.]

We are aware that it has been held that the principle of the Simon case must be extended to cases where a foreign corporation is brought into court by service upon a voluntary agent of the corporation. Fry v. Denver & R. G. R. Co. 226 Fed. 893; Takacs v. Philadelphia & R. Ry. Co. 228 Fed. 728. We cannot follow these decisions. It seems to us that the court in deciding the Simon case did not intend that result. If the Simon case has any bearing upon a case of service upon the voluntary agents of foreign corporations, it would seem that its application to such cases must be general, and that in no case can jurisdiction be obtained over a foreign corporation on a cause of action arising outside of the state where the action is brought. Some courts held that doctrine before the decision in the Simon case: Olson v. Buffalo Hump Min. Co. 130 Fed. 1017; Central Railroad & Banking Co. v. Carr, 76 Ala. 388, 52 Am. Rep. 339; see 19 Cyc. 1339. Many courts have held otherwise: Mooney v. Buford & George Mnfg. Co. 72 Fed. 32, 18 C. C. A. 421; Denver & R. G. R. Co. v. Roller, 100 Fed. 738, 41 C. C. A. 22, 49 L.R.A. 77; Smith v. Empire State-Idaho Mining & Development Co. 127 Fed. 462; Reeves v. Southern Ry. Co. 121 Ga. 561, 49 S. E. 674, 70 L.R.A. 513, 5 Ann. Cas. 207; Hawkins v. Fidelity & Casualty Co. of N. Y. 123 Ga. 722, 51 S. E. 724; Hagerstown Brewing Co. v. Gates, 117 Md. 348, 83 Atl. 570; Johnston v. Trade Ins. Co. 132 Mass. 432; Patton v. Casualty Co. 119 Tenn. 364, 104 S. W. 305.

Prior to the Lagergren case the point was never decided by this court. See Banks v. Pennsylvania R. Co. 111 Minn. 48, 126 N. W. 410. We

think, however, that the general understanding of the bench and bar of the state for many years has been that transitory causes of action against foreign corporations are suable in this state, no matter where the cause of action arose, if the corporation can be found in the state for service of process upon it. There is no doubt that very many such actions have proceeded to judgment in our courts without question as to jurisdiction. Many foreign railroad corporations operate lines and do large business in this state. Many foreign mercantile corporations operate plants or places of business in this state and have officers here. It appears to us that jurisdiction may be acquired over these corporations by service in this state upon the voluntary agents through which they do their business in any transitory action, no matter where the cause of action arose. It appears to us the United States Supreme Court has distinctly recognized this rule in many cases. Baltimore & O. R. Co. v. Harris, 12 Wall. 65, 83, 20 L. ed. 354; Dennick v. R. R. Co. 103 U. S. 11, 26 L. ed. 439; New York, L. E. & W. R. Co. v. Estill, 147 U. S. 591, 13 Sup. Ct. 444, 37 L. ed. 401; Northern Pac. R. Co. v. Babcock, 154 U. S. 190, 14 Sup. Ct. 978, 38 L. ed. 958; Stewart v. Baltimore & O. R. Co. 168 U. S. 445, 18 Sup. Ct. 105, 42 L. ed. 537; Atchison, T. & S. F. Ry. Co. v. Sowers, 213 U. S. 55, 67, 29 Sup. Ct. 397, 53 L. ed. 695. We do not think that the court in deciding the Simon case intended to foreshadow any different rule. See also Bagdon v. Philadelphia & R. Coal & Iron Co. 217 N. Y. 432, 111 N. E. 1075. This case reverses 170 App. Div. 594, 156 N. Y. Supp. 647, where the court applied the Simon case to a case of service upon a process agent voluntarily named.

It is not necessary in order to obtain jurisdiction over a foreign corporation that there must be service upon an agent in the state doing the class of work out of which the cause of action arose. The state may provide for service upon any voluntary agent if the designation be a reasonable one. St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. ed. 222. There is no warrant for classification into general agents, upon whom service of process generally may be made, and special agents, upon whom process may be served in a limited class of actions. If the corporation is present in the state it may be served with process, just as may an individual, in any transitory action. It is present in the state when it has

an agent there transacting its business, whatever the character of the business may be. This is the test laid down in many cases.

In Commercial Mutual Accident Co. v. Davis, 213 U. S. 245, 256, 29 Sup. Ct. 445, 448, 53 L. ed. 782, it was said: "Previous cases in this court have not defined the extent of the business necessary to the presence of a foreign corporation in the state for the purpose of a valid service; it is sufficient if it is doing business therein;" and in International Harvester Co. v. Kentucky, 234 U. S. 579, 34 Sup. Ct. 944, 58 L. ed. 1479, it was said, "the presence of a corporation within a state necessary to the service of process is shown when it appears that the corporation is there carrying on business in such sense as to manifest its presence within the state." Neither the nature of the business nor the volume of the business transacted is important so long as the corporation can fairly be said to be doing business in the state.

It is urged that consent by the foreign corporation is necessary to subject it to the jurisdiction of the courts of the state where it is sued, and it has been said that to give the court jurisdiction the business transacted "must be such in character and extent as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of the district in which it is served and in which it is bound to appear when a proper agent has been served with process." St. Louis S. W. Ry. v. Alexander, 227 U. S. 218, 227, 33 Sup. Ct. 245, 248, 57 L. ed. 486, Ann. Cas. 1915B, 77. We think the defendant subjected itself to the jurisdiction and laws of this state when it sent here an agent upon whom the statutes of the state said summons may be served. Wold v. J. B. Colt Co. 102 Minn. 386, 389, 114 N. W. 243. As we understand the Simon case it does not hold otherwise.

We may concede the undesirability of litigating such a cause as this so far from the place where it arose. It seems to us, however, that the question is not one of jurisdiction and that relief must be sought from the legislature, and not from the courts.

2. The order appealed from is an order to vacate an order of dismissal and to reinstate the case. We have no doubt of the jurisdiction of the court to make the order upon proper notice. Macknick v. Switchmen's

Union of North America, 131 Minn. 246, 154 N. W. 1099.  Nor have we any doubt that the order is appealable.  Picciano v. Duluth, Missabe & N. Ry. Co. 102 Minn. 21, 112 N. W. 885.

Order affirmed.