# GEORGE RISHMILLER v. DENVER & RIO GRANDE RAILROAD COMPANY.[2]

November 24, 1916.

Nos. 19,855—(41).

**Service of process — former appeal law of the case.**
Whether jurisdiction over foreign defendant was acquired by garnishment of funds, *held* a moot question in this case. [Reporter.]

[1] Reported in 159 N. W. 1095.   [2] Reported in 159 N. W. 947.

---

Note.—The question as to whether soliciting trade is doing business within the state so as to authorize service of process against a foreign corporation, is discussed in notes in 9 L.R.A.(N.S.) 1214, 23 L.R.A.(N.S.) 834.

The authorities passing on the question of acquiring jurisdiction over foreign corporations by service of process, are gathered in notes in 70 L.R.A. 532; L.R.A. 1916E, 236.

Four railroad companies were served by the plaintiff with garnishee summons. Defendant appeared specially and moved the district court for Hennepin county to quash the service of the summons and complaint, discharge the garnishees and dismiss the action. The motion was denied, Dickinson, J. From the order denying the motion, defendant appealed. Affirmed.

*E. N. Clark, R. G. Lucas,* and *Cobb, Wheelwright & Dille,* for appellant.

*Hall & Tautges,* for respondent.

PER CURIAM.

An appeal of defendant from an order vacating an order of dismissal and reinstating the case was determined by this court in Rishmiller v. Denver & Rio Grande R. Co. 134 Minn. 261, 159 N. W. 272. The present appeal is from an order denying the motion of defendant to dismiss and discharge the garnishees in garnishment proceedings instituted by plaintiff, to dismiss the action on the ground that the court has no jurisdiction over the property or person of defendant, and to set aside the attempted service of the summons and complaint on a soliciting freight agent of defendant in this state.

That the court acquired jurisdiction by the service in this state upon the soliciting freight agent of defendant was definitely decided on the former appeal. The question is ultimately one for the Supreme Court of the United States to decide. We see no reason to overrule the former decision in this case or the cases upon which that decision is based. We hold that the court acquired jurisdiction of defendant by this service.

We are asked to decide whether jurisdiction was acquired by the garnishment of funds of defendant in the hands of the various railroad companies summoned as garnishees. If jurisdiction depended upon these garnishments, we would be called upon to decide the question, but we have *held* that the court acquired jurisdiction by the service of the summons in this state upon the soliciting freight agent. Whether the garnishments also gave jurisdiction is therefore a moot question, and we decline to consider or decide it. We do not appreciate the force of the statement of counsel that a failure to pass upon this question would be unjust to defendant. We are unable to see how this can prejudice defendant if final judgment is rendered against it and the case goes to the Supreme Court of the United States. Should that court hold that the service upon the soliciting freight agent did not give the court jurisdiction, it would necessarily be obliged to decide whether the garnishments did or did not give jurisdiction, and a decision of this question either way by this court would not affect the final outcome.

Order affirmed.