## MERCHANTS ELEVATOR COMPANY v. CHESAPEAKE & OHIO RAILWAY COMPANY.[1]

### November 12, 1920.

### No. 21,948.

**Process — service on freight agent of foreign railroad.**

Where a foreign railway company has an agent in this state to solicit traffic for its road, jurisdiction over such company may be acquired by service of the summons and complaint on such agent.

Action in the district court for Hennepin county to recover $2,587.93 for conversion of six carloads of oats. From an order, Steele, J., denying its motion to set aside and quash the service of summons and complaint, defendant appealed. Affirmed.

*William Furst,* for appellant.

*Lancaster, Simpson, Junell & Dorsey,* for respondent.

TAYLOR, C.

Defendant appeals from an order denying its motion to set aside the service of the summons and complaint. Defendant's motion was based on the ground that its railroad is wholly outside the state of Minnesota, that it has no property in the state, and that it does no business in the

[1]Reported in 179 N. W. 734.

state except to maintain an agent therein who solicits shipments of freight over its railroad from residents of the state. It may be proper to note that plaintiff's affidavit states that this agent was known as the commercial agent of the defendant, and not only solicited shipments over its road, but did other business in respect to handling and routing such shipments and approving the billings therefor. The service was made on this agent, whose office is in the city of Minneapolis. Plaintiff's principal place of business is also in the city of Minneapolis. The action is to recover for the conversion of a quantity of grain, shipped by plaintiff from Davenport, Iowa, to Newport News, Virginia, and routed over defendant's railroad at the solicitation of defendant's Minnesota agent. The only question presented is whether maintaining an agent in this state to solicit, in this state, for freight traffic over its railroad outside of the state, constitutes such a doing of business in this state as to subject it to the jurisdiction of the courts of this state. We think this question has already been answered in the affirmative in W. J. Armstrong Co. v. New York Central & H. R. R. Co. 129 Minn. 104, 151 N. W. 917, L.R.A. 1916E, 232, Ann. Cas. 1916E, 335; Lagergren v. Pennsylvania R. Co. 130 Minn. 35, 152 N. W. 1102; and Rishmiller v. Denver & R. G. R. Co. 134 Minn. 261, 159 N. W. 272. Defendant relies on Green v. Chicago, B. & Q. Ry. Co. 205 U. S. 530, 27 Sup. Ct. 595, 51 L. ed. 916, which was followed in Partola Mnfg. Co. v. Norfolk & W. Ry. Co. 250 Fed. 273; Davis v. Baltimore & O. R. Co. 256 Fed. 407; and Graustein v. Rutland R. Co. 256 Fed. 409. Our statute expressly provides that our courts may acquire jurisdiction over a foreign railway company, having an agent in this state for the solicitation of freight or passenger traffic over its lines outside of this state, by service on such agent. G. S. 1913, § 7735. The cases cited by defendant do not consider the effect of such a statute, and the Green case intimates that the rule there applied in a case involving the jurisdiction of a Federal court, might not apply in a case involving the jurisdiction of a state court under a state statute.

Order affirmed.