# T. J. CALLAGHAN v. UNION PACIFIC RAILROAD COMPANY.[1]

March 4, 1921.

No. 22,280.

### Dismissal of frivolous appeal — prior decisions conclusive.

Motion to dismiss appeal from order of court refusing to vacate the service of summons on the general agent of a foreign railroad, engaged in interstate commerce, for soliciting freight and passenger business in Minnesota, on the ground that the appeal is frivolous because of previous decisions upholding such service. The motion was granted on the ground that until the United States Supreme Court decided the question, the Minnesota decisions cited in the opinion establish the rule in Minnesota. [Reporter.]

Action in the district court for Douglas county to recover $45,000 for personal injuries. From an order, Roeser, J., denying its motion to set aside the service of summons, defendant appealed. Appeal dismissed.

[1] Reported in 182 N. W. 1004.

*Sanborn, Graves, Appel & Ordway,* for appellant.
*Davis & Michel,* for respondent.

PER CURIAM.

This is a motion to dismiss as frivolous an appeal from an order of the district court of Douglas county refusing to vacate and set aside the service of the summons. Defendant is a foreign corporation which operates a railroad engaged in interstate commerce. Plaintiff, one of its employees, was injured while engaged in such commerce in the state of Nebraska and brought this action in this state to recover damages therefor. The summons was served on defendant's general agent in this state for the solicitation of freight and passenger traffic. Defendant moved to quash the service on the ground that it neither owned nor operated any railroad within this state, nor did any business within this state other than to solicit freight and passenger traffic therein for transportation over its lines outside the state. The motion was denied and defendant appealed from the order denying it. Plaintiff bases his contention that the appeal is frivolous and taken solely for the purpose of delay on the ground that this court has already decided in four different cases that such service under such circumstances is valid. The cases cited are: W. J. Armstrong Co. v. New York C. & H. R. R. Co. 129 Minn. 104, 151 N. W. 917, L.R.A. 1916E, 232, Ann. Cas. 1916E, 335; Lagergren v. Penn. R. Co. 130 Minn. 35, 152 N. W. 1102; Rishmiller v. Denver & Rio Grande R. Co. 134 Minn. 261, 159 N. W. 272; Merchants Elev. Co. v. Chesapeake & O. Ry. Co. 147 Minn. 188, 179 N. W. 734.

Our statute provides: "That any foreign corporation having an agent in this state for the solicitation of freight and passenger traffic, or either thereof, over its lines outside of this state, may be served with summons by delivering a copy thereof to such agent." [Laws 1913, p. 274, c. 218.]

Whether maintaining an agent in a state for the solicitation of freight and passenger traffic over a railroad wholly outside the state is such a doing of business in the state as to enable the state to subject a foreign railway corporation to the jurisdiction of its courts, is not free from doubt. The final determination of the question rests with the Supreme Court of the United States, and we do not understand that that court has yet decided it. Although recognizing the question as a close one, this court has upheld the statute and sustained the validity of a service upon such an agent in the cases cited. These decisions have established the rule for this state until it shall be definitely and finally determined by the Federal court. As the questions sought to be raised have been settled by four prior decisions, we think the appeal should be dismissed. See Johnson v. St. Paul City Ry. Co. 68 Minn. 408, 71 N. W. 619; Kennedy v. Fidelity & C. Co. 100 Minn. 144, 110 N.

W. 624; Floody v. Chicago, St. P. M. & O. Ry. Co. 104 Minn. 132, 116 N. W. 111; Johnson v. Dosland, 103 Minn. 147, 114 N. W. 465.

Appeal dismissed.