## STEPHAN v. UNION PAC. RY. CO.

(District Court, D. Minnesota, Fourth Division. August, 1921.)

1. **Courts ⊚⇒344—Validity of service on foreign corporation dependent on its doing business in the state.**

   A federal court is required to determine independently of state statute whether valid service has been made on a foreign corporation in a personal action commenced against it in that court, and it is a material inquiry whether defendant is doing business in the state in such ser ce that it may be served therein.

2. **Railroads ⊚⇒33(2)—Service on soliciting agent of foreign railroad company held invalid; "doing business within the state."**

   In a personal action in a federal court on a cause of action arising in another state against a foreign railroad corporation operating no lines within the state, the fact that it maintained an office in the state with an agent for soliciting business over its lines, but without authority to make contracts, issue bills of lading or passenger tickets, or to collect freight charges, *held* not to constitute doing of business by defendant in the state, which made valid the service of the summons on such agent.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

At Law. Action by Alice Stephan against the Union Pacific Railway Company. On motion to quash and set aside service of summons. Motion granted.

The above-entitled action came regularly on for hearing upon a motion made on behalf of the defendant for an order quashing and setting aside the alleged service of the summons upon the defendant; the grounds of said motion being as follows:

(1) That at the time of the pretended service of the summons and complaint herein the defendant was a foreign corporation, and did not operate any railroad in the state of Minnesota, or have any lines of railroad whatsoever therein.

(2) That E. H. Hawley, upon whom the pretended service of the summons and complaint herein was made, was not a ticket or freight agent of said defendant, but was engaged solely in soliciting freight and traffic for transportation in interstate commerce over the lines of said defendant, which are wholly without the state of Minnesota.

(3) That chapter 218, Laws Minn. 1913 (G. S. 1913, § 7735), under which the pretended service aforesaid was made, is void, and is (a) in contravention of article 1, § 7, of the Constitution of the state of Minnesota; (b) in contravention of article 1, § 8, subd. 3, of the Constitution of the United States; (c) in contravention of article 14, § 1, Amendments to the Constitution of the United States.

Sanborn, Graves & Ordway, of St. Paul, Minn., for the motion.
Olof L. Bruce, of Minneapolis, Minn., opposed.

BOOTH, District Judge. [1] The attempted service in this action was made by delivering a copy of the summons to E. H. Hawley, described in the return of service as "general agent of the defendant company." It is conceded that he was the soliciting freight and passenger agent of the defendant, stationed at Minneapolis, Minn. Section 7735, Gen. St. Minn. 1913, reads in part as follows:

---

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"If the defendant be a foreign corporation the summons may be served by delivering a copy to any of its officers or agents within the state, provided that any foreign corporation having an agent in this state for the solicitation of freight and passenger traffic or either thereof over its lines outside of the state, may be served with summons by delivering a copy thereof to such agent."

Doubtless such service as was made in the instant case would be held sufficient to give the state court jurisdiction, if the case were in the state court. Armstrong v. Railroad Co., 129 Minn. 104, 151 N. W. 917, L. R. A. 1916E, 232, Ann. Cas. 1916E, 335; Rishmiller v. Railroad Co., 134 Minn. 261, 159 N. W. 272; Merchants Elev. Co. v. Railroad Co. (Minn.) 179 N. W. 734. But the federal courts are obliged to pass upon the sufficiency of the service of summons as an independent question, in cases originally brought in those courts. Barrow Steamship Co. v. Kane, 170 U. S. 100, 111, 18 Sup. Ct. 526, 42 L. Ed. 964; Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517; West v. Railway Co. (C. C.) 170 Fed. 349; Mechanical Appliance Co. v. Castleman, 215 U. S. 437, 30 Sup. Ct. 125, 54 L. Ed. 272.

The requisites for obtaining jurisdiction over foreign corporations in actions originally brought in the federal courts are stated in the case of Connecticut Mutual Life Ins. Co. v. Spratley, 172 U. S. 602, 19 Sup. Ct. 308, 43 L. Ed. 569. The court in its opinion said:

"In a suit where no property of a corporation is within the state, and the judgment sought is a personal one, it is a material inquiry to ascertain whether the foreign corporation is engaged in doing business within the state, * * * and, if so, the service of process must be upon some agent so far representing the corporation in the state that he may properly be held in law an agent to receive such process in behalf of the corporation. An express authority to receive process is not always necessary."

On the facts shown service was held good.

What constitutes "doing business within the state," so that liability to service is incurred, is perhaps not susceptible of an exact definition. Various statements in reference to this phrase have been made by the Supreme Court of the United States. In Green v. Railway Co., 205 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916, the court in its opinion, referring to service upon the corporation, said:

"Its validity depends upon whether the corporation was doing business in that district in such a manner and to such an extent as to warrant the inference that through its agents it was present there."

On the facts shown service was set aside.

In St. Louis, etc., Ry. Co. v. Alexander, 227 U. S. 218, 227, 33 Sup. Ct. 245, 248 (57 L. Ed. 486, Ann. Cas. 1915B, 77), the court said:

"This court has decided each case of this character upon the facts brought before it, and has laid down no all-embracing rule by which it may be determined what constitutes the doing of business by a foreign corporation in such manner as to subject it to a given jurisdiction. In a general way, it may be said that the business must be such in character and extent as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of the district in which it is served, and in which it is bound to appear when a proper agent has been served with process."

On the facts shown service was held good.

In International Harvester Co. v. Kentucky, 234 U. S. 579, 589, 34 Sup. Ct. 944, 947 (58 L. Ed. 1479), the court said:

"We are satisfied that the presence of a corporation within a state necessary to the service of process is shown, when it appears that the corporation is there carrying on business in such sense as to manifest its presence within the state, although the business transacted may be entirely interstate in its character. In other words, this fact alone does not render the corporation immune from the ordinary process of the courts of the state."

On the facts shown service was held good.

In Philadelphia & Reading Ry. Co. v. McKibbin, 243 U. S. 264, 37 Sup. Ct. 280, 61 L. Ed. 710, the court said:

"A foreign corporation is amenable to process to enforce a personal liability, in the absence of consent, only if it is doing business within the state in such manner and to such extent as to warrant the inference that it is present there."

On the facts shown service was set aside.

In People's Tobacco Co. v. American Tobacco Co., 246 U. S. 79, 87, 38 Sup. Ct. 233, 235 (62 L. Ed. 587, Ann. Cas. 1918C, 537), the court said:

"The general rule deducible from all our decisions is that the business must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized officers or agents present within the state or district where service is attempted."

On the facts shown service was set aside.

[2] It appears from the record in the case at bar that the defendant railway company has no line of railway in the state of Minnesota, and operates no line therein; that the cause of action did not arise in the state of Minnesota. It appears, further, that Hawley, upon whom the alleged service was made, was a soliciting freight and passenger agent, having an office in the city of Minneapolis; that his duties were to solicit freight and passenger traffic over the lines of the defendant railway company, and as incidental to such solicitation that he quoted rates established by the Interstate Commerce Commission, and received directions for diverting shipments in transit, and transmitted such directions to officers outside of the state; that he collected no freight charges, issued no bills of lading, and issued no passenger tickets; that on request he procured passenger tickets involving transportation partly over the Union Pacific lines from local ticket offices, turning the money received from the prospective passenger over to the local ticket office issuing the ticket; that he was authorized to do no other business than such as mentioned above, and does no other business, and that the defendant transacts no other business in the state. It appeared, further, that in the city directory of the city of Minneapolis appears the following advertisement:

*Union Pacific System.* Union Pacific Railroad Company, Oregon Short Line Railroad Company, Oregon-Washington Railroad & Navigation Company, St. Joseph & Grand Island Railway Company—Traffic Dept. Gen. Agent's Office, 618 Met. Life Bldg. Tel. Main 9456."

And that in the telephone directory of the city of Minneapolis appears the following advertisement:

"*Union Pacific System.* General Agent—freight and passenger dept. 618 Met. Life Bldg. Main 9456."

And that in the time-tables issued by the defendant company appears the following advertisement:

"*Representatives of the Traffic Department.* Minneapolis, Minnesota.—618 Met. Life Bldg. 135 So. Third St.—E. H. Hawley, General Agent. R. E. Drummy, Traveling Freight and Passenger Agent. Wm. H. Brennan, Traveling Freight and Passenger Agent."

As stated by the Supreme Court, each case must stand upon its own facts. After consideration of all the facts disclosed by the record in the instant case, I have reached the conclusion that they are more nearly similar to the facts in Green v. Railway Co., supra, than to the facts disclosed in any of the other cases. As was said by the court in that case:

"The business shown in this case was in substance nothing more than that of solicitation."

In my judgment the case is controlled by the decision in the Green Case. It may be urged that the case at bar should be distinguished from the Green Case by reason of the fact that a state statute is one of the elements in the present controversy, and that this element was absent in the Green Case. In my judgment this fact is not sufficient to distinguish it from the decision in that case. West v. Railway Co. (C. C.) 170 Fed. 349, 355.

Further, the Minnesota statute does not attempt to define "doing business within the state," but simply designates the agent upon whom service may be made. The question whether the corporation is "doing business within the state" still remains to be determined in each case upon the facts therein appearing.