FARMERS CO-OPERATIVE EQUITY COMPANY v. JOHN BARTON PAYNE, AS AGENT DESIGNATED BY THE PRESIDENT, UNDER TRANSPORTATION ACT OF 1920.[1]

December 16, 1921.

No. 22,361.

**Service of process on foreign carrier — cases followed.**

Action in the municipal court of Minneapolis to recover $30.90 for loss of grain while in transit. Defendant appeared specially and prayed that the service of the summons be vacated. This application was denied. The case was tried before C. L. Smith, J., who overruled defendant's objection to the introduction of any testimony on the ground that defendant was not properly in court, made findings and ordered judgment in favor of plaintiff. Defendant's motion to set aside the findings and conclusions and dismiss the action, was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Faricy, McMeekin, Quinn & Swan, Gardiner Lathrop* and *Homer W. Davis,* for appellant.

*Alex Kanter,* for respondent.

PER CURIAM.

The defendant appeals from a judgment rendered by the municipal court of the city of Minneapolis for the loss, while in transit, of a quantity of grain shipped from Isabel, Kansas, to Hutchinson, Kansas, over the Atchison, Topeka and Santa Fe Railway while under Federal control. The railway company neither owns nor operates any line of railway in this state, but maintains, in this state, an agent for the solicitation of freight and passenger traffic over its lines outside of this state. It does no business in this state except to maintain such resident agent and solicit such traffic. The summons and complaint were served on this agent under and pursuant to section 7735 of the General Statutes of 1913, which provides:

[1]Reported in 186 N. W. 130.

"That any foreign corporation having an agent in this state for the solicitation of freight and passenger traffic or either thereof over its lines outside of this state, may be served with summons by delivering a copy thereof to such agent."

The defendant rests his appeal on the contention that, insofar as the statute provides that service on a soliciting freight or passenger agent shall confer jurisdiction over a foreign railway company which does no business in this state, except to solicit freight and passenger traffic therein for its lines outside of the state, the statute contravenes the Federal Constitution and is void. This question has already been determined adversely to defendant by this court in the following cases: W. J. Armstrong Co. v. New York C. & H. R. R. Co. 129 Minn. 104, 151 N. W. 917, L.R.A. 1916E, 232, Ann. Cas. 1916E, 335; Lagergren v. Pennsylvania R. Co. 130 Minn. 35, 152 N. W. 1102; Rishmiller v. Denver & R. G. Ry. Co. 134 Minn. 261, 159 N. W. 272; Merchant's Elev. Co. v. Chesapeake & O. Ry. Co. 147 Minn. 188, 179 N. W. 734; and Callaghan v. U. P. R. Co. 148 Minn. 482, 182 N. W. 1004. We recognize that the final decision of this question rests with the Supreme Court of the United States, but, as we read its decisions, that court has not yet determined the question, and, until it does, we feel constrained to follow our previous rulings.

Judgment affirmed.