## JAMES H. ROBINSON v. OREGON SHORT LINE RAILROAD COMPANY.[1]

March 17, 1922.

No. 22,636.

**Service of summons on agent of foreign railroad.**

1. Service of summons may be made upon a foreign railroad corporation doing business in the state by delivering a copy to its soliciting freight agent pursuant to G. S. 1913, § 7735.

**Such service not limited by section 7736.**

2. Such service may be made upon the freight soliciting agent in a county other than that in which the action is begun, and the limitation prescribed by G. S. 1913, § 7736, when service is made upon a ticket or freight agent, does not apply.

[1]Reported in 187 N. W. 415.

Action in the district court for Douglas county to recover $50,000 for personal injuries. From an order, Roeser, J., denying its motion to set aside the service of summons and complaint, defendant appealed. Affirmed.

*Sanborn, Graves & Ordway,* for appellant.

*Tautges & Wilder,* for respondent.

DIBELL, J.

The defendant, a foreign railroad corporation, appeals from an order denying its motion to set aside the service of summons. The action was brought in Douglas county. Service was made in Hennepin county upon a freight soliciting agent of the defendant. Two questions are for consideration: (1) Whether jurisdiction is acquired by service upon a soliciting freight agent; and (2) whether, if so, jurisdiction is acquired when such service is made outside the county in which the action is pending.

1. By G. S. 1913, § 7735, it is provided that the summons may be served upon a foreign corporation by delivering a copy to any of its officers or agents within the state, and that "any foreign corporation having an agent in this state for the solicitation of freight and passenger traffic or either thereof over its lines outside of this state, may be served with summons by delivering a copy thereof to such agent." We follow our prior holdings, which are subject to correction by the Supreme Court of the United States, to the effect that such service, under conditions not essentially different from those shown in the record, constitutes due process and gives jurisdiction. Callaghan v. Union Pac. R. Co. 148 Minn. 482, 182 N. W. 1004, and cases cited.

2. G. S. 1913, § 7736, R. L. 1905, § 4110, provides that service in an action against a railway company, whether domestic or foreign, "may be made by delivering a copy thereof to any ticket or freight agent of such company within the county in which the action or proceeding is begun with the same effect as though made pursuant to section 7735." The provision, quoted in paragraph 1 from G. S. 1913, § 7735, came in 1913 by amendment of R. L. 1905, § 4109, subd. 3. Laws 1913, p. 274, c. 218. The contention of the defendant is that section 7736 is a limitation upon section 7735, which includes

the 1913 amendment to R. L. 1905, § 4109, so that when service is made upon a soliciting freight agent under section 7135, just as when made upon a "ticket or freight agent" under section 7736, it must be made in the county where the action is begun.

We do not see that Archer-Daniels Linseed Co. v. Blue Ridge Despatch, 113 Minn. 367, 129 N. W. 765, or North Wisconsin C. Co. v. Oregon Short Line R. Co. 105 Minn. 198, 117 N. W. 391, is particularly forceful in support of this contention. The service in these cases was made prior to the 1913 amendment. The Archer-Daniels case was begun in Ramsey county and service was made upon the soliciting agent in Hennepin county. The North Wisconsin Cattle Company case was brought in Hennepin county and service was attempted under R. L. 1905, § 4109, or G. S. 1913, § 7735, as it was before the 1913 amendment. We do not understand that service in either was sustained as a service upon a "ticket or freight agent" under R. L. 1905, § 4110, G. S. 1913, § 7736.

It is true that in the Archer-Daniels case the opinion recites a service under R. L. 1905, § 4110 (G. S. 1913, § 7736). This is an apparent inadvertence. An examination of the record shows that the service was under the preceding section. The opinion discusses the question of jurisdiction as dependent upon whether the railroad was doing business in Minnesota. Subsequent cases have treated it so. The action was in Ramsey county and the service in Hennepin. If it had been sought to sustain it under R. L. 1905, § 4110, it would not have escaped notice that the action was in one county and the service in another and therefore invalid as recently held. Hatinen v. Payne, 150 Minn. 344, 185 N. W. 396.

In passing we may say that we do not see force in the plaintiff's claim that he is entitled to a trial in Douglas county under G. S. 1913, § 7721, providing that an action against a foreign corporation "may be begun and tried in any county which the plaintiff shall designate." If the construction which the defendant urges is the correct one, namely, that the limitation of G. S. 1913, § 7736, as to the place of service upon a ticket or freight agent applies to a

service made under the 1913 amendment to the previous section, the service must be made in the county where the action is begun, and section 7721 does not make it otherwise.

The language of the 1913 amendment is plain. If the legislature had intended to apply the limitation of section 7736, it likely would have expressed a clear purpose to that effect. We hold that the amendment to R. L. 1905, § 4109, subd. 3, quoted in paragraph 1, and now a part of G. S. 1913, § 7735, authorizes service upon a foreign railway corporation the same as upon any other corporation, and that the service is not restricted, as is the service provided for in G. S. 1913, § 7736, R. L. 1905, § 4110, upon a ticket or freight agent, to a service within the county in which the action is begun.

Order affirmed.