JAMES G. THOMPSON v. LOUISVILLE & NASHVILLE
RAILROAD COMPANY.[1]

November 24, 1922.

No. 23,031.

**Motion to quash service of summons on foreign railway denied.**

The summons in this case against a foreign railway corporation was
served on an agent for the solicitation of passenger traffic as provided
by statute, and an order denying a motion to quash the service is sus-
tained.

Action in the district court for Ramsey county to recover $100,-
000 for ejecting plaintiff from defendant's train. From an order,
Haupt, J., denying its motion to quash the attempted service of
summons and to dismiss the action, defendant appealed. Affirmed.

*John E. Palmer* and *Alfred O. Bjorklund,* for appellant.

*Olof L. Bruce,* for respondent.

HALLAM, J.

This is an appeal from an order denying a motion to quash the
service of the summons. The defendant is a railroad corporation
incorporated under the laws of Kentucky with its general offices
at Louisville, Kentucky, and operating lines of railway in Kentucky
and other adjacent and nearby states. It operates no lines in the
state of Minnesota. The summons was served upon Harry L.
Sweeney as the agent of the defendant, on the thirtieth day of Sep-
tember, 1921. The service was made under section 7735, G. S. 1913,
which provides "that any foreign corporation having an agent in
this state for the solicitation of freight and passenger traffic or
either thereof over its lines outside of this state, may be served
with summons by delivering a copy thereof to such agent." On
the hearing of the motion Mr. Sweeney made affidavit that on or
about March 20, 1920, he came to the city of Minneapolis and has

[1]Reported in 190 N. W. 797.

since roomed in that city, under the employment hereinafter mentioned. That his employment is that of traveling passenger agent for defendant, traveling through Minnesota and a number of other northwestern states and certain provinces in northwestern Canada. That as such traveling passenger agent he has since the twentieth day of March, 1920, maintained an office in the Metropolitan Life Building in the city of Minneapolis and that said office is a commercial agency for his headquarters in the solicitation of passenger business for the defendant. That he has no authority to issue bills of lading or sell passenger tickets or make contracts of carriage or to handle moneys on behalf of the defendant.

It seems clear to us that he is an agent within this state for the solicitation of passenger traffic within the meaning of the statute and that the case is ruled by the decisions in W. J. Armstrong Co. v. New York C. & H. R. R. Co. 129 Minn. 104, 151 N. W. 917, L. R. A. 1916E, 232, Ann. Cas. 1916E, 335; Lagergren v. Pennsylvania R. Co. 130 Minn. 35, 152 N. W. 1102; Rishmiller v. Denver & R. G. R. Co. 134 Minn. 261, 159 N. W. 272; Farmers' Co-Op. Equity Co. v. Payne, 150 Minn. 534, 186 N. W. 130; Robinson v. Oregon Short Line R. Co. 151 Minn. 451, 187 N. W. 415; McGann v. Missouri Pacific Ry. Co. 152 Minn. 539, 187 N. W. 615; Callaghan v. Union Pac. R. Co. 148 Minn. 482, 182 N. W. 1004, and that the order denying the motion to quash the summons should be sustained.

Order affirmed.