STATE OF MINNESOTA v. FREDERICK WEYERHAUSER and Others.

June 9, 1898.

Nos. 11,136—(34).

**Taxes—Property Previously Omitted or Undervalued—Laws 1893, c. 151—Federal Constitution.**

Laws 1893, c. 151, providing for the taxation of property previously unlawfully omitted from the assessment or grossly undervalued, is not in conflict with the provisions of the federal constitution that no state shall pass any law impairing the obligations of contracts, or deny any person within its jurisdiction the equal protection of its laws, or deprive him of his property without due process of law.

Proceedings in the district court for Itasca county to enforce payment of taxes for the year 1894. Judgment in favor of the state having been entered in accordance with the mandate of this court, pursuant to the decision reported in 68 Minn. 353, at the request of defendants the case was certified to this court. Affirmed.

*John B. Atwater,* for appellants.

*H. W. Childs* and *George B. Edgerton,* for respondent.

MITCHELL, J.

These proceedings were under the same statute, and are identical in all material facts with those of the same title considered in 68 Minn. 353, 71 N. W. 265, in which the statute (Laws 1893, c. 151, G. S. 1894, § 1633), was assailed as being in violation of certain provisions of the constitution of the state. In addition to the objections there urged against the validity of the statute, it is now urged that it is in violation of certain provisions of the federal constitution, particularly article 1, § 10, providing that no state shall pass any law impairing the obligation of contracts, and the fourteenth amendment, which provides that no state shall deprive any person of his property without due process of law, or deny any person within its jurisdiction the equal protection of the laws.

These fundamental constitutional principles are common to both the federal and the state constitutions, and the only effect of making them a part of the former is to render the supreme court of the United States the final arbiter in cases where their violation by a

state is complained of. Therefore, inasmuch as our former decision covers every question now raised, and as the principal object of bringing the present proceedings before this court is to make a record upon which the constitutionality of the statute referred to may be passed upon by the supreme court of the United States, we do not feel called upon to do much more than to affirm the judgment upon the grounds stated in our former opinion.

We shall only make the following suggestions, viz.: Real-estate taxes assessed under this statute cannot be collected or enforced by distraint of goods, but can be collected or enforced only by proceedings in the nature of a civil action against the land, of which the owner has notice, which is "due process of law" as applied to such proceedings, and in which he may interpose by way of defense all objections to the tax which go to the merits of the proceedings; also, that there is no distinction in principle between a case where land has wholly escaped taxation by reason of its omission from the assessment roll and one where, by reason of a fraudulent or grossly inadequate assessment, it has escaped a part of its just share of the public burdens.

Judgment affirmed.