## MEADOWBROOK MANOR, INC. v. CITY OF ST. LOUIS PARK AND ANOTHER.

104 N. W. (2d) 540.

June 10, 1960—No. 37,946.

*Dorsey, Owen, Scott, Barber & Marquart* and *DeForest Spencer, Jr.,* for appellant.

*Richards, Janes, Montgomery & Cobb* and *H. H. Burry,* for respondents.

MURPHY, JUSTICE.

This is a tax contest under M. S. A. 278.01 to challenge the assessment levied upon the appellant's property. The district court dismissed the case on the ground that the challenge made was untimely. Meadowbrook Manor, Inc., which we will refer to as the taxpayer, is the owner of a real estate development in the city of St. Louis Park, Minnesota. Its property was assessed by the city for the sum of $44,402 as benefits for a sanitary sewer improvement. Although published notice of the assessment proceedings was given as required by statute, § 429.061, subd. 1, the taxpayer had no actual notice of the assessment until it learned of it on receipt of a statement from the county treasurer. We are asked to consider the taxpayer's contention that published notice does not comply with the due process requirements of U. S. Const. Amend. XIV and that under the authority of Wisconsin Elec. Power

Co. v. City of Milwaukee, 352 U. S. 948, 958, 77 S. Ct. 324, 351, 1 L. ed. (2d) 241, 317, the order of the district court should be reversed.

It may be conceded at the outset that notice of the hearing on the proposed improvement was duly published as required by § 429.031. Following the completion of the work, a hearing on the proposed assessment was set by resolution of the city council. Notice of this hearing was duly published pursuant to § 429.061, subd. 1. It is not claimed that the statutory provisions with reference to published notice were not fully complied with. It is further agreed that no appeal was taken by the taxpayer within the 20-day period after adoption of the assessment as provided by § 429.081.

It is unnecessary to cite the numerous authorities which have held that the notice required in an assessment proceeding is not the same kind of notice as is required in a suit at law and that constructive notice by newspaper publication of assessment proceedings complies with due process requirements. This is particularly true as applied to notices published pursuant to procedures established by statute. We have held that an assessment for a local improvement "is a public matter, a species of tax, and the due process clause of the Constitution is satisfied easier in such cases." Everington v. Board of Park Commrs. 119 Minn. 334, 339, 138 N. W. 426, 428; 51 Am. Jur., Taxation, § 730; 16A C. J. S., Constitutional Law, § 662; Winona & St. Peter Land Co. v. Minnesota, 159 U. S. 526, 16 S. Ct. 83, 40 L. ed. 247.

The taxpayer contends that since Wisconsin Elec. Power Co. v. City of Milwaukee, 352 U. S. 948, 958, 77 S. Ct. 324, 351, 1 L. ed. (2d) 241, 317, the foregoing authorities are no longer controlling as to the particular facts in this case. The Milwaukee case and the authorities from which it is derived (Mullane v. Central Hanover Bank & Trust Co. 339 U. S. 306, 70 S. Ct. 652, 94 L. ed. 865, and Walker v. City of Hutchinson, 352 U. S. 112, 77 S. Ct. 200, 1 L. ed. [2d] 178) deserve a brief discussion. In the Milwaukee case the Wisconsin Electric Power Company sued to vacate special assessments levied on its property, alleging that the notices of the assessment hearing given by publication only were inadequate even though such notices complied with the Milwaukee City Charter. The demurrer of the city was sustained. On

appeal the Supreme Court of Wisconsin, being equally divided, affirmed in a per curiam opinion. Wisconsin Elec. Power Co. v. City of Milwaukee, 263 Wis. 111, 56 N. W. (2d) 784. On remand to the lower court the company filed an amended complaint to which the city again demurred, and again the demurrer was sustained. On review of this order the Supreme Court of Wisconsin held that the previous appeal had established the law of the case to the effect that published notice was sufficient. Wisconsin Elec. Power Co. v. City of Milwaukee, 272 Wis. 575, 76 N. W. (2d) 341. The company then appealed to the U. S. Supreme Court. The complete text of the per curiam opinion of that court, Wisconsin Elec. Power Co. v. City of Milwaukee, 352 U. S. 948, 77 S. Ct. 324, 1 L. ed. (2d) 241, is as follows:

"In this case probable jurisdiction is noted. The judgment of the Supreme Court of Wisconsin is vacated and the case is remanded to the Circuit Court for Milwaukee County for consideration in the light of Walker v. City of Hutchinson, 352 U. S. 112."

On remand the Wisconsin Supreme Court held in a per curiam opinion that "the constructive notice given by the defendant city by publication of the proposed special assessments against the plaintiff's lands did not meet the requirements of due process," citing the Walker and Mullane cases. Wisconsin Elec. Power Co. v. City of Milwaukee, 275 Wis. 121, 123, 81 N. W. (2d) 298, 299. The Walker case had been decided in the U. S. Supreme Court one week prior to the Milwaukee case. The court there held that, in a condemnation proceeding instituted by a city, newspaper publication alone did not comply with the due process clause of Amend. XIV, particularly where the name of the party whose property was being condemned was known to the city and was on the official records. In the Mullane case the defendant bank filed a petition in surrogate's court for allowance of its account as trustee of a common trust fund. The beneficiaries were numerous and some were not residents of New York. The only notice of the application was given by publication in a newspaper for 4 successive weeks as required by the New York Banking Law. It was there held that the published notice was inadequate to afford due process under Amend. XIV and that the court lacked jurisdiction to render a final and binding

decree. The court was of the view that due process requires a notice which is (339 U. S. 314, 70 S. Ct. 657, 94 L. ed. 873) "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." They expressed the view that published notice was inadequate to reach the interested parties and that the beneficiaries whose addresses were known were entitled to notice by mail.[1] The court said (339 U. S. 319, 70 S. Ct. 660, 94 L. ed. 876):

"* * * However it may have been in former times, the mails today are recognized as an efficient and inexpensive means of communication."

It is contended by the city here that the Milwaukee case is not controlling because the Walker and Mullane cases, on which it rests, do not involve tax proceedings. It argues that historically the right to notice in tax proceedings is purely statutory and that the rule is firmly established that constructive notice of tax proceedings given pursuant to statute providing for publication complies with due process. It argues further that constructive notice is approved by well-recognized public policy of the state, which requires speedy collection of taxes free from procedural complications. It further stresses the proposition that taxation does not require the same kind of notice as is required in a suit at law or even in proceedings for taking private property under the power of eminent domain and does not involve violation of due process when it is executed under the customary forms and established usages or in subordination to the principles which underlie them, citing Bell's Gap R. Co. v. Pennsylvania, 134 U. S. 232, 10 S. Ct. 533, 33 L. ed. 892; City of Newark v. Yeskel, 5 N. J. 313, 74 A. (2d) 883; Devitt v. City of Milwaukee, 261 Wis. 276, 52 N. W. (2d) 872.[2]

---

[1] See, also, City of New York v. New York, N. H. & H. R. Co. 344 U. S. 293, 73 S. Ct. 299, 97 L. ed. 333; Covey v. Town of Somers, 351 U. S. 141, 76 S. Ct. 724, 100 L. ed. 1021.

[2] For a discussion of the Mullane case and in rem notice requirements generally, see 70 Harv. L. Rev. 1263. It is of interest to note that in the Devitt case, decided prior to Wisconsin Elec. Power Co. v. City of Milwaukee, *supra,* the Wisconsin Supreme Court distinguished the Mullane case as being inapplicable in a proceeding involving foreclosure of tax liens.

In considering the contentions of the city it should be admitted at the outset that due process requires that the property owner is entitled to a reasonable notice and hearing before his property is subjected to the lien of a special assessment for a local improvement. Under the facts in the case before us we do not think it can be fairly said that the taxpayer had an opportunity to question the validity of the amount of the assessment. The published notice given was not one reasonably calculated to call the matter to its attention. Having no knowledge of the special improvement or the assessment therefor, it could not be expected to appeal within the time provided by § 429.081.[3] Although the taxpayer subscribed to the paper in which the notice was published, the court nevertheless found as a fact that "no officer, director, agent or employee of petitioner had actual knowledge of the levy or intended levy of said special assessments, or of the said assessment hearing * * * or of the adoption and approval of said assessments * * * or of the construction of said Sanitary Sewer Improvement * * * until receipt by the petitioner [taxpayer] from the County Treasurer of Hennepin County of the regular statement for taxes and special assessments payable in the year 1958," and that "no notice of the assessment hearing other than the said published notice * * * was given * * * to any owner of property within the area assessed, * * * ."

The improvement was not made in the vicinity of the taxpayer's property where the taxpayer maintains its office. It was constructed wholly within the city limits of Minneapolis at a place more than 2 miles distant from the taxpayer's property. It involved enlarging the capacity of an outlet sewer draining from the city of St. Louis Park into the sewer system of the city of Minneapolis. The facts as established by the record present a clear-cut case for the application of the rule laid down by the Mullane and Walker cases. In the Walker case the U. S. Supreme Court said (352 U. S. 115, 77 S. Ct. 202, 1 L. ed. [2d] 181):

"It cannot be disputed that due process requires that an owner whose property is taken for public use must be given a hearing in determining

---

[3]Electric Short Line Terminal Co. v. City of Minneapolis, 242 Minn. 1, 64 N. W. (2d) 149.

just compensation. The right to a hearing is meaningless without notice. In Mullane v. Central Hanover Bank & Trust Co., 339 U. S. 306, we gave thorough consideration to the problem of adequate notice under the Due Process Clause. That case establishes the rule that, if feasible, notice must be reasonably calculated to inform parties of proceedings which may directly and adversely affect their legally protected interests. We there called attention to the impossibility of setting up a rigid formula as to the kind of notice that must be given; notice required will vary with circumstances and conditions. We recognized that in some cases it might not be reasonably possible to give personal notice, for example where people are missing or unknown.

"Measured by the principles stated in the Mullane case, we think that the notice by publication here falls short of the requirements of due process. It is common knowledge that mere newspaper publication rarely informs a landowner of proceedings against his property. In Mullane we pointed out many of the infirmities of such notice and emphasized the advantage of some kind of personal notice to interested parties. In the present case there seem to be no compelling or even persuasive reasons why such direct notice cannot be given. Appellant's name was known to the city and was on the official records. Even a letter would have apprised him that his property was about to be taken and that he must appear if he wanted to be heard as to its value."

It is of interest to note that after the Milwaukee decision the Wisconsin legislature amended the law relating to notice of special assessments by cities and villages to provide that in addition to publication either by posting or in a newspaper having a general circulation in the city or village the notice of hearing shall "be mailed to every interested person whose post-office address is known, or can with reasonable diligence be ascertained, at least 10 days before the hearing or proceeding." Wis. L. 1957, c. 130, § 2.

The decision of the U. S. Supreme Court in the Milwaukee case is per curiam and does not by its language provide reasoning which extends the Mullane and Walker authorities to special assessment proceedings. Nevertheless, the disposition of these cases, which involve a common principle of law, establishes a line of authority which impels us

to the conclusion that the doctrine stated in those cases has in fact been extended to the special assessment field.

Moreover, we find nothing in the decisions of the U. S. Supreme Court which would indicate that the adequacy of notice by publication might turn upon the particular type of proceedings under examination. On the other hand the U. S. Supreme Court in the Milwaukee case had before it the question of sufficiency of published notice in a special assessment case precisely as we have here. The clear implication of that decision is that the court felt published notice did not satisfy due process. The Supreme Court of Wisconsin, which fully understood the facts and applicable law, accordingly followed the direction of the U. S. Supreme Court and in applying the Walker holding to the facts before it held that the published notice of the assessment proceeding did not satisfy due process.

We find no difficulty in accommodating our views to accord with those of the U. S. Supreme Court and the Supreme Court of Wisconsin on this subject. In the interests of good government, those in charge of adopting a special assessment for a local improvement and levying a tax therefor should employ a reliable method of informing interested parties of the fact that their rights are being affected. The taxing authorities should be required to do something more than cause the publication of notice in local newspapers. It was said in the Walker case that (352 U. S. 116, 77 S. Ct. 202, 1 L. ed. [2d] 182) "It is common knowledge that mere newspaper publication rarely informs a landowner of proceedings against his property." And in the Mullane case, Mr. Justice Jackson said (339 U. S. 315, 70 S. Ct. 658, 94 L. ed. 874):

"* * * Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed."

It appears from the U. S. Supreme Court decisions we have discussed that mailed notice of special assessment hearings would satisfy due process because such notice is reasonably calculated to inform the taxpayer of the assessment hearing. The business world generally relies

on the United States mail in the conduct of its affairs. It is not too much for the taxpayer to expect that he should be given similar notice of action by the local taxing authorities which will result in a special assessment lien upon his property. Such a requirement would place no onerous burden upon the taxing authorities. The names and addresses of property owners can be obtained from the county auditor and county treasurer, directories, or other sources available in every community. It is common knowledge that notices of real estate taxes due and payable are regularly mailed to property owners by a number of county treasurers in this state although they are not required by law to do so. While mailed notice may not be effective in reaching every person who has an interest in property, nevertheless, such notice is "reasonably calculated" to reach the party to be informed, and that is all that due process requires.

In view of the decisions of the U. S. Supreme Court we are constrained to hold on the facts before us that because of lack of proper notice to the taxpayer his land was not assessed in accordance with the requirements of due process. Since the U. S. Supreme Court is the final arbiter as to what constitutes due process, we have no alternative.[4] The case must be accordingly remanded to the district court for further proceedings. We assume that the taxpayer will be entitled to relief by way of reassessment of the benefit inuring to the taxpayer's property under § 429.071.

Reversed and remanded.

UPON APPEAL FROM CLERK'S TAXATION OF COSTS.

On July 29, 1960, the following opinion was filed:

PER CURIAM.

The taxpayer appeals from the clerk's disallowance of taxation of costs and disbursements. If the taxpayer is entitled to an allowance for costs and disbursements in this action, the legal basis for such allowance must be found in M. S. A. 278.07, which provides:

"Judgment shall be for the amount of the taxes for the year as the court shall determine the same, less the amount paid thereon, if any. If

---

[4]State v. Weyerhauser, 72 Minn. 519, 75 N. W. 718.

the tax is sustained in the full amount levied, costs and disbursements shall be taxed and allowed as in delinquent tax proceedings and shall be included in the judgment. If the tax so determined shall be less than the amount thereof as levied, the court may, in its discretion, award disbursements to the petitioner, which shall be taxed and allowed and be deducted from the amount of the taxes as determined. *If there be no judgment for taxes, a judgment may be entered determining the right of the parties and for the costs and disbursements as taxed and allowed.*" (Italics supplied.)

The city relies on In re Petition of Hamm v. State, 255 Minn. 64, 71, 95 N. W. (2d) 649, 655. In that case the petitioners' property had been assessed in a discriminatory manner resulting in "substantial inequality in the apportionment of the tax burden." We held that the tax was unconstitutional but remanded the case for further proceedings because of an inadequate record. We then affirmed the clerk's disallowance of costs and disbursements, stating (255 Minn. 73, 95 N. W. [2d] 656):

"The question of whether a judgment may be entered for taxes has been deferred pending the outcome of the new trial granted to the petitioners. In the meantime, no judgment may be entered for a determination of the rights of the parties. In the absence of an entry of judgment or of a present right to enter judgment, there can be no allowance of costs and disbursements pursuant to § 278.07."

We are of the view that Saxhaug v. County of Jackson, 215 Minn. 490, 10 N. W. (2d) 722, controls. We there decided that under § 278.07 costs and disbursements were properly taxed against a governmental entity which had attempted to make an assessment which we declared null and void. As in the Saxhaug case, the assessment against the taxpayer, Meadowbrook Manor, Inc., is unlawful. Unlike the Hamm case, no new trial or further adjudication in the district court is necessary to determine this fact. Under our decision the city of St. Louis Park must take the necessary steps to make a valid reassessment in order to subject the petitioner to the tax contemplated in this action. The clerk's disallowance of taxation of costs and disbursements is reversed.