In the Matter of the VILLAGE OF BURNSVILLE ASSESSMENTS FOR IMPROVEMENT NO. 70TS–8 FOR SANITARY SEWER.

EDWARD KRAEMER & SONS, INC., Respondent,

v.

VILLAGE OF BURNSVILLE (now City of Burnsville), Appellant.

Nos. 48037, 48042.

Supreme Court of Minnesota.

Aug. 24, 1979.

LeFevere, Lefler, Pearson, O'Brien & Drawz, John E. Drawz, and David J. Kennedy, Minneapolis, for appellant.

Johnson & Eastlund, George R. Johnson, and Ralph W. Peterson, Minneapolis, for respondent.

Heard before TODD, YETKA and SCOTT, JJ., and considered and decided by the court en banc.

KELLY, Justice.

Following our remand in *Edward Kraemer & Sons, Inc. v. Village of Burnsville,* 310 Minn. 32, 245 N.W.2d 445 (1976), this appeal

is once again before us.[1] We said in that decision:

"Since the trial court made no findings on any increase in market value, this case is remanded for further proceedings with instructions to determine, by means of the market value test, if any special benefit was conferred." 310 Minn. 41, 245 N.W.2d 451.

The remaining issue remains essentially the same: Whether the improvement proposed by the village conferred a special benefit upon the property in an amount at least equal to the assessment.

On remand, the trial court found that:

"* * * [T]here were no special benefits conferred upon subject land by improvement, Sewer Project 70–30 * *.

"* * * [B]y the 'market value test' no special benefit was conferred on said land."

Based upon the above findings, the trial court vacated the village's assessment, ordered reimbursement to Kraemer of all payments already made pursuant to the assessment, and granted Kraemer his costs and disbursements. The city appeals. We affirm.

The village's appeal presents us with these issues:

· (1) Did the improvement enhance the market value of the Kraemer property?

(2) May an owner of specially assessed land recover costs and disbursements against a city in a successful appeal under Minn.St. 429.081?[2]

■ The village also contends among other things that the proper role of the trial court in a special assessment case is solely "* * * to determine whether the legislative judgment of the [village] was based on fraud, a demonstrable mistake of fact, was arbitrary, oppressive or unreasonable,

or was based upon a [sic] illegal or erroneous theory of law." The village reasons that because none of the above circumstances was found to exist with respect to the determination of the village's assessment, the decision of the trial court should be reversed. We disagree.

In *Buettner v. City of St. Cloud,* 277 N.W.2d 199 (Minn.1979), we clarified the permissible scope of trial court review of special assessments under Minn.St. 429.081. There, after a careful analysis of the controlling statutory and case law, we held that when a special assessment is challenged as an unconstitutional taking, "* * * the trial court cannot abrogate its duty to uphold constitutional safeguards and . defer to the judgment of the taxing authority. Decision must be based upon independent consideration of all the evidence." 277 N.W.2d 203.

As stated in *Buettner,* the above rule will not apply when the challenge is based on "* * * the regularity of the assessment process or determinations made within the range of the municipality's legislative discretion * * * [in which case] the city's conclusions may not be upset unless clearly erroneous." 277 N.W.2d 203. Similarly, the rule does not apply, even with respect to a constitutional challenge, "* * * if the underlying decision-making process is designed to effectively produce a correct or just result or if the decision is informed by considerable expertise." 277 N.W.2d 204.

Neither of the aforementioned exceptions is applicable to the instant case. Although Kraemer alleges irregularities in the assessment procedure, it is clear that the main thrust of his argument has always been focused on his claim that, absent a showing of some special benefit inuring to his property, the assessment represents an unconstitutional taking. *In re Improvement of Superior Street, Duluth,* 172 Minn. 554, 216

---

1. The facts of this case are well explained in our earlier opinion, and we will dispense with them here except as necessary to our decision.

2. The village suggests another issue which we find inappropriate. That proposal is: Where the trial court finds the special assessment ex-

ceeds the amount of enhancement of the market value of the property, must the trial court set.the assessment aside and order a reassessment? The trial court, however, found there was no enhancement.

N.W. 318 (1927). Nor has there been any showing that the underlying decision-making process was designed to produce a correct result or that it was informed by considerable expertise. The decision of the trial court in this case is, therefore, more accurately characterized as an initial determination rather than as an examination of the decision of the assessing body and any review by this court must treat it accordingly. Where, as in this case, the decision of the trial court is well supported by the evidence, it should be affirmed.

■ Burnsville asserts that Kraemer's property will receive some benefit in the future from the improvement, although it does admit that for the present, the future development of the property in question remains uncertain. We find such an argument too speculative, and we cannot agree that it would be justified to assess a property owner for benefits which he may not receive for 15 to 20 years, if at all. By this decision, we do not mean to preclude a latter assessment, should it appear that Kraemer then receives special benefits by reason of a hookup to the system at that time. However, we intimate no views on the propriety of any assessment based on the circumstances existing at that time.

■ One additional point must be discussed pertaining to the trial court's disposition of this matter. Burnsville argues that because the language of Minn.St. 429.-081 provides that, after the trial of an assessment appeal, " * * * [t]he court shall either affirm the assessment or set it aside and order a reassessment as provided in section 429.071, subdivision 2", the trial court erred by vacating the assessment in its entirety.

In *Buettner,* we ruled that although it was improper for the trial court to order a specific reduction in the assessment, it would be counterproductive for the court to remand to the city without specifying a permissible assessment ceiling based on its finding of special benefits. Here, the trial court, in finding that there were no special benefits, impliedly set the permissible ceiling at zero. This being the case, any remand to the city of Burnsville for reassessment would have been pointless.

■ Burnsville also assigns as error the trial court's taxation of costs and disbursements against the municipality. While the statute does not explicitly so provide for such an award, neither does it prohibit one.[3] We can see no logical reason why a prevailing municipality should be entitled to costs but not a prevailing landowner.

In *Meadowbrook Manor, Inc. v. City of St. Louis Park,* 258 Minn. 266, 104 N.W.2d 540 (1960), we held that a taxpayer may recover costs and disbursements from a municipality under Minn.St. 278.07. Ordinarily, the fact that this appeal arises under § 429.081 would distinguish the *Meadowbrook* case. However, in *Continental Sales & Equipment Co. v. Town of Stuntz,* 257 N.W.2d 546 (Minn.1977), we decided that taxpayers could challenge a special assessment under Minn.St. 278.01 or 429.081. That being the case, it seems anomalous to hold that one who successfully challenges a special assessment under § 278.01 shall have costs and disbursements, while one who successfully challenged a special assessment under § 429.081 shall not.[4] It should be noted that the award of costs is discretionary with the trial court, and in the absence of abuse of discretion, its decision will be respected. For the aforementioned reasons, the decision of the trial court is affirmed.

Affirmed.

---

3. Minn.St. 429.081 reads in pertinent part: " * * * If appellant does not prevail upon the appeal, the costs incurred shall be taxed by the court and judgment entered therefor."

4. This statute (Minn.St. 278.01) was amended so as to apply only to real estate taxes and not to special assessments but there appears to be no reason for permitting costs and disbursements in challenging real estate taxes but not where special assessments are challenged.