**Phyllis J. KELLEY, Appellant,**

v.

**Robert MOE, et al., Respondent.**

**No. C8–86–96.**

Court of Appeals of Minnesota.

May 27, 1986.

Roy W. Holmquist, Benson, for appellant.

Warren C. Anderson, Michael M. Fluegel, Fluegel, Anderson, Dalager, Dalager, & Seibel, Chtd., Morris, for respondent.

Considered and decided by HUSPENI, P.J., and LESLIE and CRIPPEN, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Phyllis J. Kelley appeals from a judgment determining that a previous judgment vacating a platted road was void ab initio

for failure to comply with the mandates of due process. We reverse.

## FACTS

On approximately September 26, 1979, a petition was filed with the Pope County District Court requesting a court order vacating a sixty-six foot road that appeared on the plat of the Lake Linka Lots in Pope County. Apparently, the road had been bulldozed and removed twenty-two years earlier. The petition was signed by all but owners of three parcels of land within the plat. The attorney for the petitioners in that proceeding, including appellant, was Robert J. Walter. Pursuant to Minn. Stat. § 505.14 (1984), Walter published and posted notice of the hearing to vacate the road and served the chair of the town board with such notice.

Walter prepared four letters for mailing to the property owners. The first letter, dated June 28, 1979, explained the purpose of the petition and invited each owner to sign the petition, a copy of which was enclosed. Also enclosed was a photocopy of the Lake Linka Lots plat. Walter prepared the letter dated July 27, 1979 to send to those lot owners who failed to return a signed petition. The letter also corrected an error in the previous letter. Walter prepared the next letter, dated September 13, 1979, to send to all property owners in the subdivision, informing them of his intent to proceed despite the fact that five persons who owned three parcels had not signed the petition. One of those persons, Lloyd Erickson, is a respondent here. This letter also invited owners who had signed the petition to withdraw their names if they so desired. Finally, Walter prepared the letter dated September 26, 1979 to inform all of the owners of the date and time of hearing, although omitting the place of hearing.

The hearing was held on November 15, 1979. In a judgment dated December 4, 1979, the trial court vacated the platted road and determined title to the underlying land. The court granted each of the property owners access to their respective lots

across the vacated road. There was no appeal from this judgment.

In 1984, appellant commenced this action to enjoin respondents, current owners of property in Lake Linka Lots, from using the portion of the vacated road assigned to appellant. Respondents denied appellant's allegations, counterclaimed for money damages, and moved for a judgment setting aside the December 4, 1979 judgment vacating the road. The trial court ordered that all Lake Linka lot owners be given notice of respondents' motion.

The motion to vacate that judgment was heard on April 30, 1985. The court found that respondent Lloyd Erickson, one of the owners of property adjoining the vacated platted road, had no notice of the proceeding to vacate the road. The court concluded that the notice procedure was therefore insufficient to comply with the mandates of due process, rendering the judgment vacating the platted road void ab initio.

## ISSUES

1. What manner of notice of hearing must be made in a proceeding to vacate a platted road pursuant to Minn.Stat. § 505.-14?

2. If mailed notice is adequate, is service of such notice complete upon mailing?

## ANALYSIS

1. The proceeding to vacate the platted road was instituted pursuant to Minn.Stat. § 505.14 (1984), which requires the petitioner to give two weeks published and posted notice of the application and personally serve notice of the application upon the chair of the town board. Respondents do not dispute that appellant fulfilled these statutory notice requirements. Nevertheless, the Minnesota Supreme Court has indicated that the provisions for notice in this statute are not sufficient to comply with due process.

In *Etzler v. Mondale*, 266 Minn. 353, 123 N.W.2d 603 (1963), the applicant had dedicated a portion of a plat to the village of Golden Valley for use as a park. The

property was never used as a park, and the village delivered a quitclaim deed to the applicant after passing a resolution that the land was unfit for use as a park. The applicant successfully brought suit under § 505.14 to have the restriction vacated and complete title returned to her. The supreme court found that although the applicant was authorized to proceed under § 505.14, "no effort or attempt was made to accord due process to the purchasers of lots within the platted area." *Id.* at 364, 123 N.W.2d at 611. The court continued as follows:

In future proceedings under § 505.14, it should be kept in mind that adequate service must be made upon owners or occupants of land within the platted area, and that service by the publication and posting of notice of the procedure, as provided in § 505.14, will be deemed inadequate.

*Id.* at 365, 123 N.W.2d at 611. The supreme court, however, did not define "adequate service."

More recently, in *Batinich v. Harvey*, 277 N.W.2d 355 (Minn.1979), landowners brought an action under § 505.14 to void a covenant that restricted the use of land to residential purposes. Notice of the proceedings consisted of publication by posting notice. *Id.* at 357. The supreme court remanded the case for a new trial because "all owners within the plat were not served with notice * * *." *Id.* at 359. Although not defining "served with notice," the supreme court stated that "due process requires notice to all affected parties" and that "notice set out by the statute is not sufficient to comply with due process." *Id.* at 358.

In *Walker v. City of Hutchinson*, 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178 (1956), the United States Supreme Court held that publication alone in a land condemnation case failed to satisfy the requirements of due process. The Court indicated that "[e]ven a letter would have apprised [appellant] that his property was about to be taken and that he must appear if he wanted to be heard as to its value." *Id.* at 116, 77

S.Ct. at 202 (footnote omitted). The Court's concern was that "[i]n too many instances notice by publication is no notice at all." *Id.* at 117, 77 S.Ct. at 203.

Similarly, in *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), the Court held that statutory notice by publication was inadequate with respect to resident beneficiaries on judicial settlement of accounts by the trustee of a common trust fund. The Court reasoned as follows:

> Exceptions in the name of necessity do not sweep away the rule that within the limits of practicability notice must be such as is reasonably calculated to reach interested parties. Where the names and post office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency.

*Id.* at 318, 70 S.Ct. at 659. The Court noted that "the mails today are recognized as an efficient and inexpensive means of communication." *Id.* at 319, 70 S.Ct. at 660.

In *Meadowbrook Manor, Inc. v. City of St. Louis Park,* 258 Minn. 266, 104 N.W.2d 540 (1960), the Minnesota Supreme Court applied the *Mullane* test to a tax assessment case and held that statutory notice by publication did not comply with due process requirements. The court also stated as follows:

> [M]ailed notice of special assessment hearings would satisfy due process because such notice is reasonably calculated to inform the taxpayer of the assessment hearing. The business world generally relies on the United States mail in the conduct of its affairs.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> While mailed notice may not be effective in reaching every person who has an interest in property, nevertheless, such notice is "reasonably calculated" to reach the party to be informed, and that is all that due process requires.

*Id.* at 272–73, 104 N.W.2d at 545.

In the present case, although publication alone would not have been in accord with due process requirements, we are satisfied that the four letters written by Walter to the property owners within the Lake Linka subdivision were "reasonably calculated" to inform the lot owners of the nature and consequences of the proceeding. We have found no requirement that a summons and complaint be delivered as in the commencement of a lawsuit. Respondents' reliance on *Konantz v. Stein,* 283 Minn. 33, 167 N.W.2d 1 (1969), is misplaced. That case involved an action for ejectment and damages for wrongful interference with the possession of real estate. Defendant's predecessor in title instituted registration proceedings, and a certificate of title was issued that included by description a strip of land in the possession of the plaintiffs. *Id.* at 35, 167 N.W.2d at 5. No summons was personally served on the plaintiffs, and the court held that a summons by publication was insufficient. Significantly, the procedure involved in securing a decree of registration and title certificate requires a summons to be served as in a civil action upon the proper parties. *Id.* at 37, 167 N.W.2d at 5 (citing Minn.Stat. § 508.-15, .16). The statute at issue in the present case, Minn.Stat. § 505.14, requires no such summons to be served. Therefore, we will not require personal service in an action pursuant to Minn.Stat. § 505.14 unless and until the legislature acts to so amend the statute.

2. The trial court found that Walter "prepared" four letters but that of the five owners not joining in the petition, at least Lloyd Erickson did not have notice of the hearing. The trial court made no finding that the letters were mailed. Appellant argues that the trial court thereby required appellant to prove that the letters were actually *received.* Such a rule, claims appellant, is tantamount to requiring personal service as in the case of a summons and a complaint, which is beyond the mandates of due process.

Minn.R.Civ.P. 5.02 provides that "[s]ervice by mail is complete upon mailing." In

addition, it is well established that once a letter is properly mailed, the risk of nondelivery is on the addressee. *Van Aernam v. Winslow,* 37 Minn. 514, 516, 35 N.W. 381, 381 (1887); *see MacLean v. Reynolds,* 175 Minn. 112, 113, 220 N.W. 435, 436 (1928) (if copy of an answer was mailed to plaintiff before time for answering had expired, service was complete whether or not it was received).

■ There was testimony regarding the mailing of the letters. Walter testified that the letters were mailed under his supervision and direction. Although no affidavits of service by mail were presented, Walter used the correct mailing address for respondent Erickson. The record contains no evidence that any of the letters were returned to Walter for nondelivery. Although Erickson testified that he did not recall receiving the letters from Walter, he admitted that at age sixty-seven it was difficult for him to remember back to 1979. Furthermore, Erickson mailed to appellant a letter dated December 4, 1980, in which he acknowledged receipt of her letter offering to sell him the strip behind his cottage. Erickson indicated that he could not afford to buy the lot at that time. We hold that the trial court erred in finding that service by mail to Lloyd Erickson was incomplete.

Respondents also argue that the letters did not contain the information necessary to give them actual notice of the nature of the proceeding. Although the four letters mailed by Walter were not written with perfect clarity, we believe that the letters sufficiently notified the lot owners of the proceeding and satisfied the requirements of due process.

Because of our resolution of these issues, we need not decide whether insufficient service by mail would render void the entire proceeding to vacate the platted road or only as to those owners not served by proper notice.

## DECISION

The trial court erred in finding that service by mail of the proceeding to vacate the platted road was insufficient.

Reversed.