**The PRESERVE ASSOCIATION, Appellant,**

v.

**CITY OF EDEN PRAIRIE, Respondent.**

**No. CX-87-1986.**

Court of Appeals of Minnesota.

April 5, 1988.

David M. Lawson, Kurt M. Anderson, Balyk and Anderson, Ltd., St. Paul, for appellant.

Diana P. Massie, Richard F. Rosow, Lang, Pauly & Gregerson, Ltd., Minneapolis, for respondent.

Heard, considered and decided by NIERENGARTEN, P.J., and SEDGWICK and FORSBERG, JJ.

## OPINION

NIERENGARTEN, Judge.

The Preserve Association appealed special assessments levied by the City of Eden Prairie (City). The trial court affirmed the assessments and there were no post-trial motions. We affirm in part, reverse in part and remand.

## FACTS

In 1985 the City began a project to improve Preserve Boulevard. The project included installation of sewers, curbs, gutters, sidewalks, and an upgrading of the pavement. One-fourth of the cost was assessed to the owners of the twelve parcels of land along Preserve Boulevard. Two of these parcels are owned by Preserve Association.

Preserve Association is a homeowners' association composed of approximately 1,400 property owners in "The Preserve," a planned unit development. Preserve Association's assessed parcels are maintained as open, common areas for the benefit of all the members. The assessed properties are burdened with grants of easement in favor of the 1,400 homeowners. One parcel, Outlot C, was assessed $11,594.00 and the second, Tract C, was assessed $627.44.

Preserve Association's real estate expert testified that, because of the easements, the two parcels had no market value before or after the improvements. The City's expert appraiser concluded that the improvements benefited both parcels and increased their market value by at least the amount of the assessment. The appraiser based his opinion on, among other things, (1) the

benefit to the property and owners as presently used, and (2) benefit to property if sold.

The City's engineer testified that Preserve Association in general would benefit from the assessment. He indicated that if the assessment were apportioned among the property owners it would amount to $8.59 per unit and that each member would benefit to at least that extent.

The vice-president of Preserve Association testified that the association had the right to sell, lease, exchange or dispose of all common properties, including the two properties at issue. By a vote of its members, Preserve Association also could remove the easement restrictions.

The trial court found that the value of the lots had increased in value by at least the amount of the special assessments and that the members of Preserve Association directly benefited from the improvements. The court also granted the City $3,680.63 for "costs incurred." A portion of this amount was for attorney fees. The special assessment was affirmed and Preserve Association appeals from judgment.

## ISSUES

1. Did the assessed properties benefit from the improvements by at least the amount of the special assessments?

2. Did the trial court err in awarding attorney fees to the City?

## ANALYSIS

The scope of our review is a careful examination of the record to ascertain whether the evidence as a whole fairly supports the findings of the district court and whether these in turn support its conclusions of law and judgment.
*Carlson–Lang Realty Co. v. Windom*, 307 Minn. 368, 373, 240 N.W.2d 517, 521 (1976).

Minnesota Statutes, chapter 429 gives municipalities the power to levy special assessments, provided,

(a) The land must receive a special benefit from the improvement being constructed, (b) the assessment must be uniform upon the same class of property,

and (c) the assessment may not exceed the special benefit.

*Carlson–Lang*, 307 Minn. at 369, 240 N.W.2d at 519. A special assessment is presumed to be legal and the introduction of the assessment role into evidence is prima facie proof that an assessment does not exceed special benefits. *Id.* at 370, 240 N.W.2d at 519. This presumption can be overcome if a challenger introduces competent evidence to show the assessment exceeded the increase in market value due to the improvements. *Id.*

Preserve Association argues that because of the easements on the parcels, no one would be willing to purchase the land, even though the association has the authority to sell. Preserve Association argues that the land had no market value prior to the improvements and the improvements are unlikely to make a buyer more anxious to buy. Thus the land's market value is still zero, and the increase is less than the special assessments. Preserve Association also argues that since any possible increase in value accrues to the developed lots, not the common properties, some or all of the developed lots should be assessed, not the homeowners' association.

Preserve Association's argument is flawed. The association's by-laws provided that the use restrictions can be removed and that Preserve Association clearly has the power to sell the property. The record shows that at least Outlot C could be developed with duplexes, townhouses or rowhouses without zoning variances.

[I]n determining whether an improvement does benefit property in the assessment district, the land should be considered simply in its general relations, and apart from its particular use at the time, * * *

*Village of Edina v. Joseph*, 264 Minn. 84, 98, 119 N.W.2d 809, 818–19 (1962). It is enough that the land could be used for purposes "for which the improvement would increase its value." *See id.* at 99, 119 N.W.2d at 819.

The test is not whether the property is enhanced in value for the particular pur-

poses to which it is devoted at the time of the assessment but whether it is enhanced in value for any purpose.

*Id.*

Preserve Association also argues that the homeowners should pay for the improvements, not the homeowners' association. Preserve Association admits that there are benefits from the assessments that accrue to the homeowners. Since Preserve Association is *made up* of these very same homeowners, Preserve Association does benefit and so should pay its fair share of the assessments. The trial court's finding that the improvements enhanced the value of the property and benefited the members of the association is supported by the record.

The trial court awarded the City $3,680.63 as "costs" under Minn.Stat. § 429.081 (1984). The award amounted to one-half of the attorney fees and costs of the City's expert witness.

Preserve Association argues that the statute does not provide for an award of attorney fees and that the City therefore is entitled only to its costs.

The general rule is that attorneys' fees are not recoverable unless there is a specific contract permitting their recovery or a *statute* authorizing it.

*Midway National Bank v. Gustafson,* 282 Minn. 73, 82, 165 N.W.2d 218, 224 (1968) (emphasis added). However,

the award of costs is discretionary with the trial court, and in the absence of abuse of discretion, its decision will be respected.

*Edward Kraemer & Sons, Inc. v. Village of Burnsville,* 287 N.W.2d 375, 377 (Minn. 1979). There is no statutory provision for payment of attorney fees in a special assessment proceeding. We remand to the trial court for the purpose of determining costs without inclusion of attorney fees.

## DECISION

The trial court did not err in determining that Preserve Association's property benefited from the improvements and increased in market value by at least the amount of the special assessments. The trial court erred in awarding costs which included attorney fees.

Affirmed in part, reversed in part and remanded.