444 N.W.2d 602 (1989)
In re Assessment for CHANNEL LANE, Bruce Road and Sportsman Road, Project ST-86-4, as Adopted by the City of East Bethel.
Edward BROADBENT, et al., Respondents,
v.
CITY OF EAST BETHEL, Appellant.
No. C4-89-207.
Court of Appeals of Minnesota.
August 22, 1989.
Review Denied October 19, 1989.
Joseph W. Anderson, Jennings, DeWan, Sicheneder & Anderson, P.A., North Branch, for respondents.
Gerald M. Randall, Randall, Dehn & Goodrich, Anoka, for appellant.
*603 Heard, considered and decided by FORSBERG, P.J., and SHORT and THOREEN,[*] JJ.

OPINION
JOHN F. THOREEN, Judge.
The trial court invalidated a special assessment because appellant did not give landowners the requisite statutory notice before approving an assessable project. Minn.Stat. § 429.031, (1986). Appellant contends that notice was given to the landowners. We disagree and affirm.

FACTS
Bruce Road, Sportsman Road, and Channel Lane are gravel roads located in East Bethel, Minnesota. The East Bethel City Council decided to hold a feasibility hearing to consider a proposal to upgrade these roads with base construction and bituminous surfacing. The proposed project was to be financed through a special assessment.
The feasibility hearing concerning this project was held on July 16, 1986. It is undisputed that proper notice of this hearing was given to all affected landowners. The city engineer described the proposed improvements and said the improvements would cost $116,000. In a nonbinding vote, 17 landowners voted against the project and 15 landowners voted for the project. The city council then considered a motion to approve the improvement project. Two members voted for the project and two members voted against the project. The motion therefore failed.
The city council closed the hearing after this vote and decided to propose a scaled-down improvement project. This project involved the same type of improvements, but over a smaller area. A special assessment was to be used to finance this project.
The feasibility hearing concerning the scaled-down project was held on August 6, 1986. It is undisputed that proper notice of this hearing was given to all affected landowners. The city engineer described the scaled-down project and said its cost was $92,300. In a nonbinding vote, 16 landowners voted in favor of the revised project and 11 landowners voted against it. The city council then closed the hearing. A motion to approve the scaled-down project passed on a 2 to 1 vote, with one member abstaining. This approval, however, was ineffective because a four-fifths majority is required to approve a proposed assessment without a petition. Minn.Stat. § 429.031 (1986). The city council did not know their approval was ineffective until sometime after the hearing.
A regular city council meeting was held on August 20, 1986. A landowner at this meeting petitioned for approval of the initial improvement project. The city council did not verify the petition, but instead reconsidered the initial improvement project on its own. Without giving any notice to affected landowners, the city council voted unanimously to approve the initial road improvement project.
The project was completed in 1987 at a cost of $128,380. On September 23, 1987, the final assessment hearing was held. The city council decided to assess 35 buildable lots equally to pay for the improvements. The resulting assessments were $3,668 per unit.
Respondent landowners appealed to the district court. The district court concluded that proper notice had not been given and that the methodology used to assess units was not reasonable. East Bethel appeals.

ISSUES
1. Did East Bethel fail to follow the requisite statutory notice procedures prior to approving an assessable project?
2. Was East Bethel's application of its buildable lot method of assessment reasonable?

ANALYSIS
1. Prior to the imposition of a special assessment, a municipality must hold a public hearing to address a proposed improvement's feasibility. Minn.Stat. § 429.031 (1986). The municipality must publish notice of this hearing in the newspaper and must mail notice to the affected landowners. Id. A municipality does not have authority to approve an assessable *604 project unless proper notice has been given. Klapmeier v. Town of Center of Crow Wing, 346 N.W.2d 133, 136 (Minn.1984). A municipality must strictly comply with statutory notice provisions. Id. But see Shortridge v. Daubney, 425 N.W.2d 840 (Minn. 1988) (alleged defects in notice must be promptly asserted).
The facts concerning notice are not disputed. Proper notice was given for the July 16, 1986 feasibility hearing. The city council considered and rejected the initial improvement project at this hearing. Without notice to landowners, the city council reconsidered and approved the initial improvement project at its regular meeting on August 20, 1986. The trial court concluded that this failure to give notice violated Minn.Stat. § 429.031 (1986).
East Bethel contends on appeal that it strictly complied with statutory notice requirements. The assessment notice statute provides:
The hearing may be adjourned from time to time and a resolution ordering the improvement may be adopted at any time within six months after the date of the hearing * * *.
Minn.Stat. § 429.031, subd. 1 (1986). East Bethel argues this language means a municipality has six months after the hearing date during which it can approve the improvement without giving notice. Since East Bethel approved the initial improvement project within six months of the noticed July 16, 1986 hearing, it asserts that notice was given.
Although no cases have directly interpreted this portion of section 429.031, we addressed similar concerns in Independent School District No. 254 v. City of Kenyon, 411 N.W.2d 545 (Minn.Ct.App.1987). In Kenyon, the city did not hold a feasibility hearing prior to approving an assessable project. This court said the purpose of holding a feasibility hearing is
to afford owners whose properties would be benefitted by the proposed improvement and subject to assessments therefor, the opportunity to be heard on the question of its desirability and feasibility.
Id. at 549. Since no hearing was held prior to the approval of the improvement, the landowners had no opportunity to be heard until after the decision had already been made. Id. at 550. The landowners' assessments were, thus, violative of due process. Id.
We find the reasoning in Kenyon persuasive. After receiving notice, the landowners here were able to marshal sufficient resources to convince the city council to reject the initial project at the July 16, 1986 hearing. This rejection terminated consideration of the initial assessment project. The city council's consideration and apparent approval of the scaled-down project on August 6, 1986 also demonstrates that the initial project was no longer under consideration. Reconsidering and approving the initial project on August 20, 1986 without giving new notice deprived the landowners of an adequate opportunity to protect themselves by once again making their preferences known to their elected representatives. We hold as a matter of law that where, as here, an assessable improvement project has been previously rejected, the municipality must thereafter provide new notice before reconsidering the project. Without such new notice, the city council had no authority to approve the assessable project. Klapmeier, 346 N.W.2d at 136.
2. The trial court concluded East Bethel's application of its assessment methodology was unreasonable because some owners of two contiguous lots were assessed for only one buildable lot unit. East Bethel argues on appeal that its determinations were within its legislative discretion. Since we hold that respondent landowners' assessments are invalid because of failure to give notice, it is unnecessary to consider this issue.

DECISION
The trial court did not err in invalidating the respondent landowners' assessments for failure to give notice.
Affirmed.
NOTES
[*] Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art, VI, § 2.