**Joyce BLANKENBURG, Appellant,**

v.

**CITY OF NORTHFIELD, Respondent.**

**No. C7-90-496.**

Court of Appeals of Minnesota.

Nov. 6, 1990.

418

Steven A. Jorstad, Wanamingo, Franklin D. Peterson, Kenyon, for appellant.

Maren L. Swanson, Northfield, for respondent.

Considered and decided by FOLEY, P.J., and SCHUMACHER and KLAPHAKE, JJ.

OPINION

KLAPHAKE, Judge.

Joyce Blankenburg appeals the denial of a motion for a new trial and challenges the special assessment levied against her property. We affirm.

FACTS

In 1973, the City of Northfield (City) extended sanitary sewer and water lines to the edge of the City bounded by the Gunderson–Emerson Addition (Addition). Blankenburg's home is located in the Addition. In 1983, the City constructed a sanitary sewer subtrunk abutting the Addition. The City conducted appropriate feasibility and assessment hearings for these improvements. Anticipating the eventual annexation of the Addition, the City deferred a portion of the 1973 and 1983 assessments until the improvements were extended to the Addition. Blankenburg did not receive notice of the feasibility or assessment hearings for the 1973 improvements, whether she received notice of the 1983 hearings is unclear.

In January 1986, the City annexed the Addition. In April 1986, the City held a feasibility hearing about extending sewer and water lines to the Addition, regrading and blacktopping roads in the Addition, constructing a storm sewer, and reconstructing the main access road to the Addition. The City held the assessment hearing and adopted the assessment roll in May 1986. The assessment roll included deferred costs from the 1973 and 1983 improvements. Blankenburg received appropriate notice of the feasibility and the assessment hearings. The assessment against Blankenburg's property was $9,414.23.

Blankenburg challenged the special assessment in district court. The trial court held that Minn.Stat. § 429.051 (1988) authorized the deferred assessments provided that the earlier improvement benefited the assessed property. The trial court also accepted the City's method of determining the benefit to Blankenburg's property and

found the special assessment did not exceed the benefit to the property.

## ISSUES

1. Did the City exceed its authority or violate due process when improvement costs previously deferred were added to the special assessment for extension of existing improvements?

2. Did the special assessment levied exceed the benefit to Blankenburg's property?

## ANALYSIS

1. Deferred assessments.

■ Blankenburg argues that the City exceeded its authority when it deferred a portion of the 1973 and 1983 assessments until it annexed and connected the Addition to the existing improvements. The interpretation of a statute is a question of law and is subject to de novo review on appeal. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

■ Section 429.051 (1988) provides that:
To the extent that such an improvement benefits nonabutting properties which may be served by the improvement when one or more later extensions or improvements are made but which are not initially assessed therefor, the municipality may also reimburse itself by adding all or any of the portion of the cost so paid to the assessments levied for any of such later extensions or improvements, provided that notice that such additional amount will be assessed is included in the notice of hearing on the making of such extensions or improvements. The additional assessments herein authorized may be made whether or not the properties assessed were included in the area described in the notice of hearing on the making of the original improvement.

Blankenburg claims the statutory deferral provision is limited to property within the municipality's jurisdiction at the time of the original improvement. We disagree.

■ The authorization for deferred costs is not statutorily limited to areas originally within the municipality jurisdiction. Nor does the statute require the assessed property be included in the notice of the original improvement. We will not contradict the plain meaning of the statute. *See* Minn. Stat. § 645.16 (1988) (unambiguous language shall not be disregarded).

Policy considerations also support deferral authorization. Municipalities reasonably consider future expansion when making improvements. Since these considerations often add to the cost of the improvement, the municipality is justified in reimbursing itself when that expansion occurs. Limiting deferred assessments to property within the corporate limits at the original assessment would allow owners to reap the benefit of the improvements without sharing the cost. Section 429.051 ensures that property owners contribute to the overall cost of the improvement when they receive the benefit.

■ Blankenburg also argues that inclusion of deferred costs for 1973 and 1983 violates her due process rights. Again, we disagree.

Blankenburg received notice of both the 1986 feasibility and assessment hearings. The notices included a statement outlining the intent to assess deferred costs. Blankenburg therefore had an opportunity to object to the extension and to the inclusion of the deferred costs. And she did object. Thus, section 429.051 provided Blankenburg adequate notice and a process to protect her interests.

■ We take this opportunity to reiterate that due process does not attach at the feasibility hearing because it is a legislative function. *Village of Edina v. Joseph*, 264 Minn. 84, 95, 119 N.W.2d 809, 817 (1962). *Cf. In re Channel Lane*, 444 N.W.2d 602, 604 (Minn.App.1989) (stating that once proposed project is rejected, municipality must give new notice and hold new hearing before reconsidering same project); *Independent School Dist. No. 254 v. City of Kenyon*, 411 N.W.2d 545, 548 (Minn.App.1987) (holding that once project is adopted, municipality must give

**420**

new notice and hold new hearing before changing project financing). Due process does attach, however, at the assessment hearing because the assessment becomes a lien on the affected property. *Meadowbrook Manor, Inc. v. City of St. Louis Park,* 258 Minn. 266, 270, 104 N.W.2d 540, 543 (1960).

2. Excessive assessment.

■ Blankenburg also claims the special assessment exceeds the benefit to her property. Where a municipality levies an assessment that exceeds the benefit to the property, the excess assessment is a taking without just compensation. *Quality Homes, Inc. v. Village of New Brighton,* 289 Minn. 274, 280, 183 N.W.2d 555, 559 (1971). When a special assessment is challenged as a taking, the trial court must conduct an independent review of all the evidence and make a specific finding as to whether the assessment exceeded the benefit. *Buettner v. City of St. Cloud,* 277 N.W.2d 199, 203 (Minn.1979). Upon review, the appellate court will determine whether the evidence is sufficient to sustain the trial court's findings. *Carlson–Lang Realty Co. v. City of Windom,* 307 Minn. 368, 373, 240 N.W.2d 517, 521 (1976).

■ The special benefit to the assessed land is measured by the increased market value caused by the improvement. *Id.* at 369, 240 N.W.2d at 519. Market value is determined by the price a "willing buyer would pay a willing seller for the property before, and then after, the improvement has been constructed." *Id.*

Blankenburg's appraiser set the value of the benefit to the property at $8,500. The City's appraiser calculated the benefit at $12,500. After hearing all the testimony, the trial court found the City's appraisal most accurate and determined that the assessment ($9,414.23) did not exceed the benefit ($12,500) to the property. We hold there is sufficient evidence in the record to support the trial court's finding.

### DECISION

Minn.Stat. § 429.051 authorizes a municipality to defer assessments until benefited property is annexed. Due process is satisfied when information about the deferred costs is included in the notice of the present improvement. Here, the special assessment did not exceed the benefit to Blankenburg's property.

Affirmed.